. , 10/2002) General Document

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: 22-CV-62419-RAR

RALPH LEVI SANDERS JR

_____

Plaintiff(s)

v.

WELLS FARGO
BANK NEW YORK MELLON

_____

Defendant(s)

---

FILED BY ___ D.C.

JAN 10 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## MASTER SHEET WITH REFERENCE TO
### (TITLE OF DOCUMENT)
Documents

I, RALPH L. SANDERS (plaintiff) or defendant, in the above styled cause,

INDEX
CIA
LAWYER TITLE
FLA STATUE
MORTGAGE
19-24321

OCT 21 EMAIL
OMER GRANT

22-14766 DOC 74
RFJ
BROWARD CLERK
CIA
19-24331-80
-81
-112

(Rev. 10/2002) General Document

**Certificate of Service**

I _RALPH L. SANDERS_ , certify that on this date _JAN 10 2003_ true copy

of the foregoing document was mailed to: _SAVN STEWART, WELLS FARGO_

_name(s) and address(es)_

_& BNYM  BK @STEWART LAW GROUP. COM_

By:

_RALPH L. SANERS_
Printed or typed name of Filer

_PRO SE_
Florida Bar Number

_754. 801. 7097_
Phone Number

_361 S.W. 60th AVE_
Street Address

_PLANTATION FL 33317_
City, State, Zip Code

_Ralph L. Sanders_
Signature of Filer

_RALPH L. SANDERS@_
_XFTH10 . COM_
E-mail address

_____
Facsimile Number

Case 22-bk-14766 U.S. District Court  22-cv-62419 RAR

| Docur | Purpose of Doc | Addium Doc | Value |
|---|---|---|---|
| 1 | Primary Contract one. Owners Title Insurance policy | Lawyer's Title Insurance Policy " | $292,000 |
| 2 | Primary Contract two: Lenders Title Insurance policy | " Cost to Debtor $2,080.00 | $313,000 |
| 3 | Florida Regulation requiring Title Insurance if Mortgage | | |
| 4 | Mortgage reference to title insurance | Page 2 of Wells Fargo Mortgage. Paragraph L. before defaulting, payments methods , homeowner insurance etc. Is how monies from Title insurance claims to be applied | |
| 5 | Damage from Hurricanes | General Contractors informed me that I had a setback issue of  home distance to canal Claim denied for setback | |
| 6 | Filed claim with homeowner insurance | denied | |
| 7 | Bankruptcy case 19-bk-24331-PDR | All of the parties involved in Bankruptcy case, including Plaintiff attorneys were involved. The 2019 case was foundation and knowledge base for current 2022 case | |
| 8 | Attorneys Gavin Stewart and Peter Kelly | Specialized Loan servicing attorneys were kept in the loop of issues | |
| 9 | Post dismissal of case 19-bk-24331 | Informing SLS outside legal staff of Fidelity National Title Insurance response. Their response is Lender needs to be involved. SLS inside staff.. "What is Title Insurance" | |

| | | | |
|---|---|---|---|
| 10 | Number of emails to/from SLS (mostly to) | 300+ | |
| 11 | Reason for Dismissal of case 19-bk-24331 | Short $300 payment (Three hundred dollars) Similar amount for prior dismissal. | |
| 12 | Bankruptcy case 22-bk-14766-SMG filed | | |
| 13 | 22-bk-14766-SMG docket 74 filed | The detail of the physical issues related to title issues | |
| 14 | In the Dec 8, 2022 hearing, all parties kept stating the missing land is a State court issue | The missing land plus Movement taken and U.S. Government is a Federal issue (5th & 14th Amendment) | Implied Contract issue |
| 15 | The Lender claims there is a negative value to my home | The title insurance is $605,000 given a positive value of $60,000 | |
| 16 | The 3rd title policy is U.S. Government Issued | value $175,000-$225,000 | 175,000 |
| 17 | The Title policies do have a time period once a claim should have been place. | Wells Fargo/BNYM is losing in a number of cases where Wells Fargo/Bank New York Mellon did not file a claim on a timely basis Ex: Nevada 20-cv-02124-ART. Fidelity Title Insurance won in a number of cases against WF/BNYM. I don't have the resource. | |
| 18 | The motion for the relief of Stay was granted the day after the property was moved out of Bankruptcy | | |
| 19 | The plaintiff (me) has been extremely active in resolving issue here | | |

20  The lender filed on Monday, Jan 9, 2023 motions to reset a foreclosure sale date. Contrary to the team speech in Dec 8, 2022 that we will resolve the issues in the State Courts. See minutes of Dec 8, 2922 hearing

Note: I am getting notices from Broward County Clerks office of the filings but the filing are not visible on line. See attached screen captures and emails

21  Debtor has hired Title insurance Law Firms at a cost of $6,000.00

22  The Law firms that I had hired recommended filing legal action against the City of Plantation due their actions.

22  Interesting Judge Russin vs Judge Grossman. Opposite opinions

U.S. Bankruptcy Code, a provision that enables the court if it finds a debtor engaged in serial bankruptcy filings solely to hinder foreclosure to exempt the property from the automatic stay for any petition filed the next two years. Judge Melvin S. Hoffman disagreed.

0

CJA 24 AUTHORIZATION AND VOUCHER FOR PAYMENT OF TRANSCRIPT (Rev. 01/08)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED Ralph Levi Sanders Jr. | | VOUCHER NUMBER |
|---|---|---|---|

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|

| 7. IN CASE/MATTER OF *(Case Name)* Sanders VS Wells Fargo/Bank | 8. PAYMENT CATEGORY ☐ Felony ☐ Petty Offense ☐ Misdemeanor ☐ Other ☑ Appeal | 9. TYPE PERSON REPRESENTED ☐ Adult Defendant ☑ Appellant ☐ Juvenile Defendant ☐ Appellee ☐ Other | 10. REPRESENTATION TYPE *(See Instructions)* |
|---|---|---|---|

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

## REQUEST AND AUTHORIZATION FOR TRANSCRIPT

12. PROCEEDING IN WHICH TRANSCRIPT IS TO BE USED *(Describe briefly)*
Bankruptcy 22-bk-14766-SMG December 8, 2022 1 pm Debtor Ralph Levi Sanders Jr. Judge Grossman Bankruptcy.

13. PROCEEDING TO BE TRANSCRIBED *(Describe specifically). NOTE: The trial transcripts are not to include prosecution opening statement, defense opening statement, prosecution argument, defense argument, prosecution rebuttal, voir dire or jury instructions, unless specifically authorized by the Court (see Item 14).*

| 14. SPECIAL AUTHORIZATIONS | JUDGE'S INITIALS |
|---|---|
| A. Apportioned Cost **100.00**% of transcript with *(Give case name and defendant)* | |
| B. ☐ 14-Day ☑ Expedited ☐ Daily ☐ Hourly ☐ Realtime Unedited | |
| C. ☐ Prosecution Opening Statement ☐ Prosecution Argument ☐ Prosecution Rebuttal ☐ Defense Opening Statement ☐ Defense Argument ☐ Voir Dire ☐ Jury Instructions | |
| D. In this multi-defendant case, commercial duplication of transcripts will impede the delivery of accelerated transcript services to persons proceeding under the Criminal Justice Act. | |

| 15. ATTORNEY'S STATEMENT | 16. COURT ORDER |
|---|---|
| As the attorney for the person represented who is managed above, I hereby affirm that the transcript requested is necessary for adequate representation. I, therefore, request authorization to obtain the transcript services at the expense of the United States pursuant to the Criminal Justice Act. | Financial eligibility of the person represented having been established to the Court's satisfaction the authorization requested in Item 15 is hereby granted. |
| _____ _____ Signature of Attorney Date | _____ Signature of Presiding Judge or By Order of the Court |
| _____ Printed Name Telephone Number: _____ ☐ Panel Attorney ☐ Retained Attorney ☑ Pro-Se ☐ Legal Organization | _____ _____ Date of Order Nunc Pro Tunc Date |

## CLAIM FOR SERVICES

| 17. COURT REPORTER/TRANSCRIBER STATUS ☐ Official ☐ Contract ☐ Transcriber ☐ Other | 18. PAYEE'S NAME AND MAILING ADDRESS |
|---|---|

| 19. SOCIAL SECURITY NUMBER OR EMPLOYER ID NUMBER OF PAYEE | Telephone Number: _____ |
|---|---|

| 20. TRANSCRIPT | INCLUDE PAGE NUMBERS | NO. OF PAGES | RATE PER PAGE | SUB-TOTAL | LESS AMOUNT APPORTIONED | TOTAL |
|---|---|---|---|---|---|---|
| Original | | | | | | |
| Copy | | | | | | |
| Expense *(Itemize)* | | | | | | |
| | | | | **TOTAL AMOUNT CLAIMED:** | | |

21. CLAIMANT'S CERTIFICATION OF SERVICE PROVIDED
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment *(compensation or anything of value)* from any other source for these services.

Signature of Claimant/Payee _____ Date _____

## ATTORNEY CERTIFICATION

22. CERTIFICATION OF ATTORNEY OR CLERK I hereby certify that the services were rendered and that the transcript was received.

_____ _____
Signature of Attorney or Clerk Date

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. APPROVED FOR PAYMENT | 24. AMOUNT APPROVED |
|---|---|
| _____ _____ Signature of Judge or Clerk of Court Date | |

*CASE 22-14766*
*14766*

Official Form 417A (12/18)

*[Caption as in Form 416A, 416B, or 416D, as appropriate]*

## NOTICE OF APPEAL AND STATEMENT OF ELECTION

### Part 1: Identify the appellant(s)

FILED-USBC, FLS-FT
'22 DEC 27 PM 2:42
*T.T.*

1.  Name(s) of appellant(s): *RALPH LEVI SANDERS*

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
- [ ] Plaintiff
- [ ] Defendant
- [ ] Other (describe) _____

For appeals in a bankruptcy case and not in an adversary proceeding.
- [x] Debtor
- [ ] Creditor
- [ ] Trustee
- [ ] Other (describe) _____

### Part 2:  Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: *ORDER GRANTING STAY RELIEF*

2.  State the date on which the judgment, order, or decree was entered: *DECEMBER 13, 2022*

### Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.  Party: *RALPH L. SANDERS*   Attorney: *PRO-SE*
    *561 SW 66 AVE*
    *PLANTATION, FL. 33317*

2.  Party: *WELLS FARGO*   Attorney: *GAVIN STEWART*
    *BANK NEW YORK*     *PO BOX 5703*
    *MELLON*     *CLEARWATER, 33758*
    *BAR # 5703*

Fwd: FW: Lawyers Title - Contact

From:  Ralph Sanders (ralph.l.sanders@gmail.com)

To:    ralph_l_sanders@yahoo.com

Date:  Tuesday, April 6, 2021, 07:47 PM EDT

---------- Forwarded message ---------
From: **Hunsinger, Mikki** <Mikki.Hunsinger@fnf.com>
Date: Tue, Apr 6, 2021 at 2:54 PM
Subject: FW: Lawyers Title - Contact
To: ralph.l.sanders@gmail.com <ralph.l.sanders@gmail.com>

**This message was sent securely using Zix®**

Good afternoon Mr. Sanders,

In reference to your email inquiry on the FNF.CO website. I reached out to our FNT Orlando operations and they were able to find the following.

Unfortunately, they couldn't get it to produce a legible PDF so they had to use the two snippets below (it's only a two page policy).

I hope this will suffice.

Thank you.


Fidelity National Financial

## Lawyers Title Insurance Corporation
### *OWNER'S POLICY*
### Schedule A

Policy No.:
o81-134096

Agent's File Reference:
04-204Sanders

Effective Date:   May 12, 2004, or the date and time of recording of the insured deed, whichever is later.

Amount of Insurance:  $292,000.00

1.   Name of Insured: Ralph Sanders

2.   The estate or interest in the land described herein and which is covered by this policy is a fee simple (if other, specify same) and is at the effective date hereof vested in the named insured as shown by the instrument to be recorded.

3.   The land referred to in this policy is described as follows:

Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida; said lands situate, lying and being in Broward County, Florida.

4.   The land described herein is encumbered by the following mortgage and assignments, if any.

Mortgage in the sum of $232,000.00 from Ralph Sanders to Chase Manhattan Mortgage Corporation dated May 12, 2004, to be recorded in the Public Records of Broward County, Florida.

Agent No.: 12-40279

Issuing Agent:

All County Title Services, Inc.
2499 Glades Road, Suite 112
Boca Raton, FL 33431

Agent's Signature

Form OPM-SCH. A
(rev. 1/98)

DoubleTime®

**Lawyers Title Insurance Corporation**
*OWNER'S POLICY*
**Schedule B**

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.

2. Rights or claims of parties in possession not shown by the public records.

3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

4. Easements or claims of easements not shown by the public records.

5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.

7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.

8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.

9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.

ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

Form OPM-SCH. B
(rev. 5/94)

DoubleTime®

Begin forwarded message:

**From:** doNotReply@fnf.com
**Date:** April 6, 2021 at 06:48:54 PDT
**To:** "Beckerman, Natalie" <Natalie.Beckerman@fnf.com>
**Subject:** Lawyers Title - Contact

**Home Warranty - LTIC**

**Question / Comment**

Need a copy of my buyer title insurance from 2005/2006

| | |
|---|---|
| **Contact Info** | |
| **Sent on behalf of:** | Individual |
| **Name:** | Mr. Ralph Sanders |
| **E-Mail:** | ralph.l.sanders@gmail.com |
| **Regarding:** | Specific Transaction |
| **Transaction / Escrow #:** (if applicable) | |
| **Subject Property** (if applicable) | |
| **Address:** | 561 SW 60th ave Plantation, FL 33317 |

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.

------------------------------------------------------------

This message was secured by Zix&#174.



# Fla. Stat. § 624.608

Section 624.608 - "Title insurance" defined

"Title insurance" is:

**(1)** Insurance of owners of real property or others having an interest in real property or contractual interest derived therefrom, or liens or encumbrances on real property, against loss by encumbrance, or defective titles, or invalidity, or adverse claim to title; or
**(2)** Insurance of owners and secured parties of the existence, attachment, perfection, and priority of security interests in personal property under the Uniform Commercial Code.

*Fla. Stat. § 624.608*

s. 106, ch. 59-205; s. 3, ch. 76-168; s. 1, ch. 77-457; ss. 2, 3, ch. 81-318; ss. 83, 86, 809(1st), ch. 82-243; ss. 187, 188, ch. 91-108; s. 4, ch. 91-429; s.1, ch. 2005-153.



casetext

1

# Fla. Stat. § 627.784

Section 627.784 - Casualty title insurance prohibited

A title insurance policy or guarantee of title may not be issued without regard to the possible existence of adverse matters or defects of title.

*Fla. Stat. § 627.784*

s. 10, ch. 65-359; s. 3, ch. 76-168; s. 1, ch. 77-457; ss. 2, 3, ch. 81-318; ss. 584, 809(2nd), ch. 82-243; s. 79, ch. 82-386; ss. 98, 114, ch. 92-318; s.15, ch. 99-286.

 casetext

*05-6?*

*Record to return to:*
*ALL COUNTY TITLE SERVICES, INC.*
*2200 NW CORPORATE BLVD, SUITE 401*
*BOCA RATON, FL 33431*

*W/C*

Return To:
**WELLS FARGO BANK, N.A.**
**FINAL DOCUMENTS X4701-022**
**3601 MINNESOTA DRIVE**
**BLOOMINGTON, MN  55435-5284**

This document was prepared by:
**KENNETH BRACY**
**WELLS FARGO BANK, N.A.**
**850 TRAFALGAR BLVD,350**
**MAITLAND, FL  32751-**

──────────────── [Space Above This Line For Recording Data] ────────────────

# MORTGAGE

**0143369122**

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated **APRIL 11, 2005** together with all Riders to this document.
**(B) "Borrower"** is
**RALPH L SANDERS, AN UNMARRIED MAN**

Borrower is the mortgagor under this Security Instrument.
**(C) "Lender"** is **WELLS FARGO BANK, N.A.**

Lender is a **National Association**
organized and existing under the laws of **THE UNITED STATES OF AMERICA**

---

**FLORIDA** - Single Family - **Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**      **FORM 3010   1/01**

Lender's address is

**P. O. BOX 5137, DES MOINES, IA 50306-5137**
Lender is the mortgagee under this Security Instrument.
**(D) "Note "** means the promissory note signed by Borrower and dated **APRIL 11, 2005**
The Note states that Borrower owes Lender **THREE HUNDRED THIRTEEN THOUSAND AND NO/100** Dollars
(U.S. $ .....313,000.00.............) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **MAY 1, 2035**
**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(K) "Escrow Items"** means those items that are described in Section 3.
**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.
**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

SFL02   Rev 12/18/00          Page 2 of 18          Initials:_____          **FORM 3010   1/01**

(O) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(P) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's convenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender, the following described property located in the     **County**                    of                    **BROWARD**
    [Type of Recording Jurisdiction]   [Name of Recording Jurisdiction]:

**LEGAL DESCRIPTION IS ATTACHED HERETO AS SCHEDULE "A" AND MADE A PART HEREOF.**

Parcel ID Number:                                        which currently has the address of
**561 SW 60 AVE**                                                                 [Street]
     **PLANTATION**  [City], Florida **33317** [Zip Code]
("Property Address"):

  TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection

A 1

shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage

ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact the the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designed payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designed payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provision of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note,

this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer or servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environment Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default: (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Attorneys' Fees.** As used in this Security Instrument and the Note, attorneys' fees shall include those awarded by an appellate court and any attorneys' fees incurred in a bankruptcy proceeding.

**25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Signed, sealed and delivered in the presence of:

_____

Deborah A Whitney

_____ (Seal)

**RALPH L SANDERS**                    **Borrower**
561 SW 60 AVE
PLANTATION, FL  33317

_____

**STATE OF FLORIDA,**                    BROWARD                    **County ss:**

   This foregoing instrument was acknowledged before me this    April 11, 2005    by
**RALPH L SANDERS, AN UNMARRIED MAN**

who is personally known to me or who has produced *Drivers license* as identification.

_____
Notary Public

Deborah A. Watarz
Commission # DD084515
Expires Feb. 20, 2006
Bonded Thru
Atlantic Bonding Co., Inc.

# Exhibit A

Lot 22, in Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, as recorded in Plat Book 55, at Page 21, of the Public Records of Broward County, Florida.

# Ralph Levi Sanders, Jr. (19-24331)



# United States Bankruptcy Court, S.D. Florida.

🔍 Search this Docket (/?type=r&q=docket_id%3A16382507)   🏷 Tags ▾   🔔 Get Alerts (/alert/docket/toggle/)   ▾

☑ View on PACER (https://ecf.flsb.uscourts.gov/cgi-bin/DktRpt.pl?757579)   ▾

Last Updated: Jan. 9, 2023, 4:47 p.m. EST

Assigned To: Peter D. Russin (/person/15363/peter-d-russin/)

Date Filed: Oct. 25, 2019

Date Terminated: Nov. 24, 2021

Date of Last Known Filing: Nov. 24, 2021

## Bankruptcy Information

Date Debtor Dismissed: Sept. 15, 2021

Chapter: 13

Trustee: Robin R Weiner

📧 Docket Entries (Page 1 of 2) (/docket/16382507/ralph-levi-sanders-jr/)

👥 Parties and Attorneys (/docket/16382507/parties/ralph-levi-sanders-jr/)

**Filed**

| MM/DD/YYYY |

**to**

| MM/DD/YYYY |

**Documents**                                                    ⬇   ⬇

| |

**to**

| |

| Date Filed | Description |
|---|---|
| Jul 20, 2017 | Receipt of Voluntary Petition (Chapter 13)(17-19141) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 30254359. Fee amount 310.00. (U.S. Treasury) |
| Jul 21, 2017 | Clerk's Evidence of Repeat Filings for debtor SANDERS, RALPH LEVI, JR. Case Number 14-12147, Chapter 13 filed in Florida Southern on 01/29/2014 was Closed on 04/25/2017 was Dismissed on 01/30/2017. (admin) |

| | Aug 18, 2017 | Receipt of Schedules and Statements Filed(17-19141-RBR) [misc,schsia] ( 31.00) Filing Fee. Receipt number 30458694. Fee amount 31.00. (U.S. Treasury) |
|---|---|---|
| | Oct 25, 2019 | Statement of Social Security Number(s) |
| | Oct 25, 2019 | Receipt of Voluntary Petition (Chapter 13)(19-24331) [misc,volp13a] ( 310.00) Filing Fee. Receipt number 35324281. Fee amount 310.00. (U.S. Treasury) |
| | Oct 25, 2019 | Auto-Docket of Credit Card |
| | Oct 25, 2019 | Automatic docket of credit card |
| 3 | Oct 25, 2019 | Certification of Budget and Credit Counseling Course by Debtor Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 10/25/2019) |
| | | Main Doc          Certification of Budget and Credit (/docket/16382507/3/ralph-counseling Course levi-sanders-jr/) |
| 2 | Oct 25, 2019 | Statement of Debtor(s) Social Security Number(s) [Document Image Available ONLY to Court Users] Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 10/25/2019) |
| | | Main Doc          Statement of Debtor(s) Social Security Number(s) |
| 1 | Oct 25, 2019 | Chapter 13 Voluntary Petition . [Fee Amount $310] (Johnson, Michael) (Entered: 10/25/2019) |
| | | Main Doc          Voluntary Petition (Chapter 13) (/docket/16382507/1/ralph-levi-sanders-jr/) |
| 4 | Oct 26, 2019 | Expedited Motion to Continue the Automatic Stay Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 10/26/2019) |
| | | Main Doc          Motion to Continue/Extend the (/docket/16382507/4/ralph-Automatic Stay levi-sanders-jr/) |
| 5 | Oct 28, 2019 | Notice of Incomplete Filings Due. Chapter 13 Plan due by 11/8/2019. Summary of Your Assets and Liabilities and Certain Statistical Information due 11/8/2019. Schedules A-J due 11/8/2019.Statement of Financial Affairs Due 11/8/2019.Declaration Concerning Debtors Schedules Due: 11/8/2019.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 11/8/2019. Payment Advices due for Debtor 11/8/2019. [Incomplete Filings due by 11/8/2019]. (Banoovong, Bea) (Entered: 10/28/2019) |
| | | Main Doc          Notice of Deficiency (/docket/16382507/5/ralph-levi-sanders-jr/) |
| | Oct 28, 2019 | Clerk's Evidence of Repeat Filings |
| | Oct 28, 2019 | Clerk's Evidence of Repeat Filings for debtor SANDERS, RALPH LEVI, JR. Case Number 18-12969, Chapter 13 filed in Florida Southern on 03/14/2018 was Closed on 08/27/2019 was Dismissed on 05/16/2019; Case Number 17-19141, Chapter 13 filed in Florida Southern on 07/20/2017 was Closed on 03/26/2018 was Dismissed on 11/30/2017; Case Number 14-12147, Chapter 13 filed in Florida Southern on 01/29/2014 was Closed on 04/25/2017 was Dismissed on 01/30/2017. (admin) |
| 6 | Oct 30, 2019 | BNC Certificate of Mailing (Re: 5 Notice of Incomplete Filings Due. Chapter 13 Plan due by 11/8/2019. Summary of Your Assets and Liabilities and Certain Statistical Information due 11/8/2019. Schedules A-J due 11/8/2019.Statement of Financial |

Affairs Due 11/8/2019.Declaration Concerning Debtors Schedules Due: 11/8/2019.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 11/8/2019. Payment Advices due for Debtor 11/8/2019. [Incomplete Filings due by 11/8/2019].) Notice Date 10/30/2019. (Admin.) (Entered: 10/31/2019)

Main Doc      BNC Certificate of Mailing
(/docket/16382507/6/ralph-
levi-sanders-jr/)

| 7 | Oct 31, 2019 | Notice of Hearing (Re: 4 Expedited Motion to Continue the Automatic Stay Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 11/13/2019 at 09:30 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Romero, Christina) (Entered: 10/31/2019) |

Main Doc      Notice of Hearing
(/docket/16382507/7/ralph-
levi-sanders-jr/)

| 8 | Nov 7, 2019 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 4 Expedited Motion to Continue the Automatic Stay filed by Debtor Ralph Levi Sanders, 7 Notice of Hearing). (Johnson, Michael) (Entered: 11/07/2019) |

Main Doc      Certificate of Service

| 10 | Nov 8, 2019 | Order Granting Ex Parte Motion to Extend Time to File Schedules/Plan/Required Information. Deadline Extended through 11/22/2019. (Re: # 9) [Incomplete Filings due by 11/22/2019]. Summary of Your Assets and Liabilities and Certain Statistical Information due 11/22/2019. Schedules A-J due 11/22/2019.Statement of Financial Affairs due 11/22/2019.Declaration Concerning Debtors Schedules Due: 11/22/2019. Chapter 13 Plan due by 11/22/2019.Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period Form 122C-1 Due 11/22/2019. Payment Advices due for Debtor 11/22/2019. (Banoovong, Bea) (Entered: 11/08/2019) |

Main Doc      Order on Motion to Extend Time to File
(/docket/16382507/10/ralph- Schedules/Plan/Required Information
levi-sanders-jr/)

| 9 | Nov 8, 2019 | Ex Parte Motion to Extend Time to File Schedules and Plan,Matrix,Last Four Digits of SSN/Complete Tax ID,Official Form 101 or 201,Debtor Signature,Payment Advices (Db),Required Information Pursuant to 11 USC Section 521a, Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 11/08/2019) |

Main Doc      Motion to Extend Time to File
(/docket/16382507/9/ralph- Schedules/Plan/Required Information
levi-sanders-jr/)

| 11 | Nov 19, 2019 | Order Granting Expedited Motion To Extend the Automatic Stay (Re: # 4) (Banoovong, Bea) (Entered: 11/19/2019) |

Main Doc      Order on Motion to Extend the
(/docket/16382507/11/ralph- Automatic Stay
levi-sanders-jr/)

| 12 | Nov 21, 2019 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 11 Order on Motion to Extend the Automatic Stay). (Johnson, Michael) (Entered: 11/21/2019) |

Main Doc      Certificate of Service
(/docket/16382507/12/ralph-
levi-sanders-jr/)

| 18 | Nov 22, 2019 | Chapter 13 Plan Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 11/22/2019) |

Main Doc            Chapter 13 Plan
(/docket/16382507/18/ralph-
levi-sanders-jr/)

|   | Nov 22, 2019 | Auto-Docket of Credit Card |
|---|---|---|
|   | Nov 22, 2019 | Automatic docket of credit card |
| 17 | Nov 22, 2019 | Payment Advices by Debtor Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 11/22/2019) |

Main Doc            Payment Advices
(/docket/16382507/17/ralph-
levi-sanders-jr/)

| 16 | Nov 22, 2019 | Disclosure of Compensation by Attorney Michael H. Johnson. (Johnson, Michael) (Entered: 11/22/2019) |
|---|---|---|

Main Doc            Disclosure of Compensation of
(/docket/16382507/16/Attorney for Debtor
levi-sanders-jr/)

| 15 | Nov 22, 2019 | Certification of Compliance and Request for Confirmation of Ch. 13 Plan Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 11/22/2019) |
|---|---|---|

Main Doc            Certification of Compliance and
(/docket/16382507/15/Request for Confirmation of Ch. 13
levi-sanders-jr/)    Plan

| 14 | Nov 22, 2019 | Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 3 Years Form 122C-1. Disposable Income Is Not Determined Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 11/22/2019) |
|---|---|---|

Main Doc            Chapter 13 Statement of Current
(/docket/16382507/14/Monthly Income
levi-sanders-jr/)

|   | Nov 22, 2019 | Receipt of Schedules and Statements Filed(19-24331-JKO) [misc,schsia] ( 31.00) Filing Fee. Receipt number 35516021. Fee amount 31.00. (U.S. Treasury) |
|---|---|---|
| 13 | Nov 22, 2019 | Initial Schedules Filed: [Summary of Your Assets/Liabilities,Schedules A-J,Statement of Financial Affairs,Declaration re Schedules,] [Fee Amount $31] Filed by Debtor Ralph Levi Sanders Jr.. (Attachments: # 1 Local Form 4) (Johnson, Michael) (Entered: 11/22/2019) |

Main Doc            Schedules and Statements Filed
(/docket/16382507/13/ralph-
levi-sanders-jr/)

Att 1               Local Form 4
(/docket/16382507/13/1/ralph-
levi-sanders-jr/)

| 19 | Nov 25, 2019 | Meeting of Creditors to be Held on 12/23/2019 at 09:30 AM at 299 E Broward Blvd Room 411, Fort Lauderdale. Last Day to Oppose Discharge or Dischargeability is 2/21/2020. Proofs of Claim due by 2/3/2020. Confirmation Hearing to be Held on 2/3/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. Objection to Confirmation Deadline: 1/21/2020. (Banoovong, Bea) (Entered: 11/25/2019) |
|---|---|---|

Main Doc            Meeting of Creditors Chapter 13
(/docket/16382507/19/ralph-
levi-sanders-jr/)

Att 1                    Ch 13 First Mtg
(/docket/16382507/19/1/ralph-
levi-sanders-jr/)

| 21 | Nov 27, 2019 | BNC Certificate of Mailing - PDF Document (Re: 19 Meeting of Creditors to be Held on 12/23/2019 at 09:30 AM at 299 E Broward Blvd Room 411, Fort Lauderdale. Last Day to Oppose Discharge or Dischargeability is 2/21/2020. Proofs of Claim due by 2/3/2020. Confirmation Hearing to be Held on 2/3/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. Objection to Confirmation Deadline: 1/21/2020.) Notice Date 11/27/2019. (Admin.) (Entered: 11/28/2019) |

Main Doc              BNC Certificate of Mailing - PDF
(/docket/16382507/21/ralph-Document
levi-sanders-jr/)

| 20 | Nov 27, 2019 | BNC Certificate of Mailing (Re: 19 Meeting of Creditors to be Held on 12/23/2019 at 09:30 AM at 299 E Broward Blvd Room 411, Fort Lauderdale. Last Day to Oppose Discharge or Dischargeability is 2/21/2020. Proofs of Claim due by 2/3/2020. Confirmation Hearing to be Held on 2/3/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. Objection to Confirmation Deadline: 1/21/2020.) Notice Date 11/27/2019. (Admin.) (Entered: 11/28/2019) |

Main Doc              BNC Certificate of Mailing - Meeting of
                      Creditors

| 22 | Nov 29, 2019 | Objection to Confirmation of (18 Chapter 13 Plan filed by Debtor Ralph Levi Sanders) Filed by Creditor Specialized Loan Servicing LLC (Stewart, Gavin) (Entered: 11/29/2019) |

Main Doc              Objection to Confirmation of Plan
(/docket/16382507/22/ralph-
levi-sanders-jr/)

| 23 | Dec 9, 2019 | Amended Schedules Filed: [Summary of Your Assets/Liabilities,Schedule A/B,Schedule C,Declaration re Schedules,] Filed by Debtor Ralph Levi Sanders Jr.. (Attachments: # 1 Local Form 4) (Johnson, Michael) (Entered: 12/09/2019) |

Main Doc              Schedules and Statements Filed
(/docket/16382507/23/ralph-
levi-sanders-jr/)

Att 1                 Local Form 4
(/docket/16382507/23/1/ralph-
levi-sanders-jr/)

| 24 | Dec 25, 2019 | Notice of Requirement to File Financial Management Course Certificate (admin) (Entered: 12/25/2019) |

Main Doc              Notice of Requirement to File a
(/docket/16382507/24/ralph-Certificate of Completion of a Financial
levi-sanders-jr/)     Management Course

|    | Dec 25, 2019 | Notice of Requirement to File a Certificate of Completion of a Financial Management Course |

| 25 | Dec 28, 2019 | BNC Certificate of Mailing (Re: 24 Notice of Requirement to File Financial Management Course Certificate (admin)) Notice Date 12/28/2019. (Admin.) (Entered: 12/29/2019) |

Main Doc              BNC Certificate of Mailing
(/docket/16382507/25/ralph-
levi-sanders-jr/)

| 26 | Dec 30, 2019 | Section 341 Meeting of Creditors Rescheduled/Continued Filed by Trustee Robin R Weiner (Re: 19 Meeting of Creditors Chapter 13). 341(a) Meeting Continued to 1/24/2020 at 02:00 PM at 299 E Broward Blvd Room 411, Fort Lauderdale. Confirmation Hearing to be Held on 2/3/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 12/30/2019) |
|---|---|---|
| | | Main Doc            Meeting of Creditors (/docket/16382507/26/ralph-Continued/Rescheduled levi-sanders-jr/) |
| 28 | Jan 16, 2020 | Notice of Hearing by Filer (Re: 27 Objection to Debtor's Claim of Exemptions Filed by Trustee Robin R Weiner). Chapter 13 Hearing scheduled for 02/03/2020 at 09:30 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 01/16/2020) |
| | | Main Doc            Notice of Hearing by Filer (/docket/16382507/28/ralph- levi-sanders-jr/) |
| | Jan 16, 2020 | Notice of Hearing by Filer |
| | Jan 16, 2020 | Objection to Debtor's Claim of Exemptions |
| 27 | Jan 16, 2020 | Objection to Debtor's Claim of Exemptions Filed by Trustee Robin R Weiner (Weiner, Robin) (Entered: 01/16/2020) |
| | | Main Doc            Objection to Debtor's Claim of (/docket/16382507/27/ralph-Exemptions levi-sanders-jr/) |
| 31 | Jan 30, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 29 Objection to Claim of Westside Regional Medical Center [# 1-1], filed by Debtor Ralph Levi Sanders, 30 Notice of Hearing by Filer filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 01/30/2020) |
| | | Main Doc            Certificate of Service (/docket/16382507/31/ralph- levi-sanders-jr/) |
| 30 | Jan 30, 2020 | Notice of Hearing by Filer (Re: 29 Objection to Claim of Westside Regional Medical Center [# 1-1], Filed by Debtor Ralph Levi Sanders Jr.). Chapter 13 Hearing scheduled for 03/02/2020 at 01:00 PM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Johnson, Michael) (Entered: 01/30/2020) |
| | | Main Doc            Notice of Hearing by Filer (/docket/16382507/30/ralph- levi-sanders-jr/) |
| 29 | Jan 30, 2020 | Objection to Claim of Westside Regional Medical Center [# 1-1], Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 01/30/2020) |
| | | Main Doc            Objection to Claim (/docket/16382507/29/ralph- levi-sanders-jr/) |
| 34 | Feb 1, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 32 Motion to Value and Determine Secured Status of Lien Of U.S. Small Business Administration on Real Property (Value of Collateral: $415000.00) filed by Debtor Ralph Levi Sanders, 33 Notice of Hearing by Filer filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 02/01/2020) |

Main Doc                Certificate of Service
(/docket/16382507/34/ralph-
levi-sanders-jr/)

| 33 | Feb 1, 2020 | Notice of Hearing by Filer (Re: 32 Motion to Value and Determine Secured Status of Lien Of U.S. Small Business Administration on Real Property (Value of Collateral: $415000.00) Filed by Debtor Ralph Levi Sanders Jr.). Chapter 13 Hearing scheduled for 03/02/2020 at 01:00 PM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Johnson, Michael) (Entered: 02/01/2020) |

Main Doc                Notice of Hearing by Filer
(/docket/16382507/33/ralph-
levi-sanders-jr/)

| 32 | Feb 1, 2020 | Motion to Value and Determine Secured Status of Lien Of U.S. Small Business Administration on Real Property (Value of Collateral: $415000.00) Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 02/01/2020) |

Main Doc                Motion to Value and Determine
(/docket/16382507/32/ralph-   Secured Status of Lien on Real
levi-sanders-jr/)             Property

| 37 | Feb 2, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 35 Objection to Claim of Department of the Treasury Internal Revenue Service [# 3-1], filed by Debtor Ralph Levi Sanders, 36 Notice of Hearing by Filer filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 02/02/2020) |

Main Doc                Certificate of Service
(/docket/16382507/37/ralph-
levi-sanders-jr/)

| 36 | Feb 2, 2020 | Notice of Hearing by Filer (Re: 35 Objection to Claim of Department of the Treasury Internal Revenue Service [# 3-1], Filed by Debtor Ralph Levi Sanders Jr.). Chapter 13 Hearing scheduled for 03/02/2020 at 01:00 PM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Johnson, Michael) (Entered: 02/02/2020) |

Main Doc                Notice of Hearing by Filer
(/docket/16382507/36/ralph-
levi-sanders-jr/)

| 35 | Feb 2, 2020 | Objection to Claim of Department of the Treasury Internal Revenue Service [# 3-1], Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 02/02/2020) |

Main Doc                Objection to Claim
(/docket/16382507/35/ralph-
levi-sanders-jr/)

| 40 | Feb 4, 2020 | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 18 Chapter 13 Plan). Confirmation Hearing to be Held on 03/02/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 02/04/2020) |

Main Doc                Notice of Continued Confirmation
(/docket/16382507/40/ralph-   Hearing
levi-sanders-jr/)

|  | Feb 4, 2020 | Trustee's Statement Re: Debtor's Compliance with 521(a)(1) Filing Requirements [PAPERLESS |

| 39 | Feb 4, 2020 | Notice to Withdraw Document Filed by Trustee Robin R Weiner (Re: 27 Objection to Debtor's Claim of Exemptions). (Weiner, Robin) (Entered: 02/04/2020) |

Main Doc            Notice Withdraw Document
(/docket/16382507/39/ralph-
levi-sanders-jr/)

| 38 | Feb 4, 2020 | The information required by 11 U.S.C. Sec. 521(a)(1) as provided by the debtor(s) in this case is complete to the satisfaction of the trustee. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. Sec. 521(i)(2) and the trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. Sec. 521(i). (Weiner, Robin) (Entered: 02/04/2020) |
|  |  | Main Doc            Trustee's Statement Re: 521(a)(1) Filing Requirements |
| 43 | Feb 5, 2020 | Order Authorizing Chapter 13 Trustee to Disburse Pre-Confirmation Payments to Administrative, Secured, and Priority Creditors . (Banoovong, Bea) (Entered: 02/05/2020) |
|  |  | Main Doc            Order Authorizing Ch 13 Trustee to (/docket/16382507/43/ralph-Disburse Payments levi-sanders-jr/) |
|  | Feb 5, 2020 | Order Re: Debtor's Compliance with 521(a)(1) Filing Requirements |
| 42 | Feb 5, 2020 | Amended Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 18 Chapter 13 Plan). Confirmation Hearing to be Held on 03/02/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (JKO), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 02/05/2020) |
|  |  | Main Doc            Notice of Continued Confirmation (/docket/16382507/42/ralph-Hearing levi-sanders-jr/) |
| 41 | Feb 5, 2020 | Order Determining Debtor's Compliance with Filing Requirements of Section 521(a) (1). Deadline for any creditor or other party in interest to contest the court's finding shall file an objection not later 21 days from the date of entry of this order (admin) (Entered: 02/05/2020) |
|  |  | Main Doc            Order Determining Debtor's (/docket/16382507/41/ralph-Compliance with Section 521(a)(1) levi-sanders-jr/) |
| 44 | Feb 6, 2020 | Certificate of Service Filed by Trustee Robin R Weiner (Re: 43 Order Authorizing Ch 13 Trustee to Disburse Payments). (Weiner, Robin) (Entered: 02/06/2020) |
|  |  | Main Doc            Certificate of Service (/docket/16382507/44/ralph-levi-sanders-jr/) |
| 46 | Feb 7, 2020 | BNC Certificate of Mailing (Re: 41 Order Determining Debtor's Compliance with Filing Requirements of Section 521(a)(1). Deadline for any creditor or other party in interest to contest the court's finding shall file an objection not later 21 days from the date of entry of this order (admin)) Notice Date 02/07/2020. (Admin.) (Entered: 02/08/2020) |
|  |  | Main Doc            BNC Certificate of Mailing (/docket/16382507/46/ralph-levi-sanders-jr/) |
| 45 | Feb 7, 2020 | Notice of Compliance with Local Rule 2083-1(B) Claims Review Requirement by Attorney Michael H. Johnson. (Johnson, Michael) (Entered: 02/07/2020) |

Main Doc                    Notice of Compliance with Claims
(/docket/16382507/45/ralph-Review Requirement
levi-sanders-jr/)

| 49 | Feb 8, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 48 Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 02/08/2020) |
| | | Main Doc              Certificate of Service<br>(/docket/16382507/49/ralph-<br>levi-sanders-jr/) |
| | Feb 8, 2020 | Notice of Case Reassignment (JKO to PGH) |
| 48 | Feb 8, 2020 | First Amended Chapter 13 Plan (Re:18 Chapter 13 Plan filed by Debtor Ralph Levi Sanders) Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 02/08/2020) |
| | | Main Doc              Amended Chapter 13 Plan<br>(/docket/16382507/48/ralph-<br>levi-sanders-jr/) |
| 47 | Feb 8, 2020 | In accordance with General Order 2020-01, this case is transferred from Judge John K. Olson to Judge Paul G. Hyman, Jr. (Duncan, Bill) (Entered: 02/08/2020) |
| | | Main Doc              Judge Reassignment |
| 50 | Feb 29, 2020 | Attorney Represented Debtor Verified Out of Time Motion for Referral to Mortgage Modification Mediation with Lender The Bank of New York Mellon c/o Specialized Loan Servicing, LLC [Negative Notice] Filed by Debtor Ralph Levi Sanders Jr. (Attachments: # 1 Exhibit) (Johnson, Michael) (Entered: 02/29/2020) |
| | | Main Doc              Motion for Referral to Mortgage<br>(/docket/16382507/50/Modification Mediation (Out of Time)<br>levi-sanders-jr/)       [Debtor has Attorney] |
| | | Att 1                 Exhibit<br>(/docket/16382507/50/1/ralph-<br>levi-sanders-jr/) |
| 53 | Mar 4, 2020 | Order Granting Motion To Value and Determine Secured Status of Lien on Real Property (Re: 32) (Banoovong, Bea) (Entered: 03/04/2020) |
| | | Main Doc              Order on Motion to Value and<br>(/docket/16382507/53/Determine Secured Status of Lien on<br>levi-sanders-jr/)       Real Property |
| 52 | Mar 4, 2020 | Order Sustaining Objection to Claim(s)#3-1 (Re: 35) (Banoovong, Bea) (Entered: 03/04/2020) |
| | | Main Doc              Order on Objection to Claims<br>(/docket/16382507/52/ralph-<br>levi-sanders-jr/) |
| 51 | Mar 4, 2020 | Order Sustaining Objection to Claim(s) #1-1 (Re: 29) (Banoovong, Bea) (Entered: 03/04/2020) |
| | | Main Doc              Order on Objection to Claims<br>(/docket/16382507/51/ralph-<br>levi-sanders-jr/) |
| 56 | Mar 6, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 53 Order on Motion to Value and Determine Secured Status of Lien on Real Property). (Johnson, Michael) (Entered: 03/06/2020) |

Main Doc          Certificate of Service
(/docket/16382507/56/ralph-
levi-sanders-jr/)

| 55 | Mar 6, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 52 Order on Objection to Claims). (Johnson, Michael) (Entered: 03/06/2020) |
| | | Main Doc          Certificate of Service<br>(/docket/16382507/55/ralph-<br>levi-sanders-jr/) |
| 54 | Mar 6, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 51 Order on Objection to Claims). (Johnson, Michael) (Entered: 03/06/2020) |
| | | Main Doc          Certificate of Service<br>(/docket/16382507/54/ralph-<br>levi-sanders-jr/) |
| 57 | Mar 10, 2020 | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 48 Amended Chapter 13 Plan). Confirmation Hearing to be Held on 04/06/2020 at 09:00 AM at U.S. Courthouse, 299 E Broward Blvd Room 301 (PGH), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 03/10/2020) |
| | | Main Doc          Notice of Continued Confirmation<br>(/docket/16382507/57/ralph-Hearing<br>levi-sanders-jr/) |
| 58 | Mar 17, 2020 | Certificate of No Response Filed by Debtor Ralph Levi Sanders Jr. (Re: 50 Attorney Represented Debtor Verified Out of Time Motion for Referral to Mortgage Modification Mediation with Lender The Bank of New York Mellon c/o Specialized Loan Servicing, LLC [Negative Notice] filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 03/17/2020) |
| | | Main Doc          Certificate of No Response<br>(/docket/16382507/58/ralph-<br>levi-sanders-jr/) |
| 59 | Mar 18, 2020 | Order Granting Verified Out of Time Motion for Referral to Mortgage Modification(Re: # 50) (Banoovong, Bea) (Entered: 03/18/2020) |
| | | Main Doc          Order on Verified Out of Time Motion<br>(/docket/16382507/59/ralph-for Referral to Mortgage Modification<br>levi-sanders-jr/) |
| 60 | Mar 20, 2020 | BNC Certificate of Mailing - PDF Document (Re: 59 Order Granting Verified Out of Time Motion for Referral to Mortgage Modification(Re: 50)) Notice Date 03/20/2020. (Admin.) (Entered: 03/21/2020) |
| | | Main Doc          BNC Certificate of Mailing - PDF<br>(/docket/16382507/60/ralph-Document<br>levi-sanders-jr/) |
| 62 | Apr 3, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 61 Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 04/03/2020) |
| | | Main Doc          Certificate of Service<br>(/docket/16382507/62/ralph-<br>levi-sanders-jr/) |
| 61 | Apr 3, 2020 | Second Amended Chapter 13 Plan (Re:48 Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders) Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 04/03/2020) |

Main Doc          Amended Chapter 13 Plan
(/docket/16382507/61/ralph-
levi-sanders-jr/)

| 65 | Apr 6, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 63 Objection to Claim of Department of the Treasury Internal Revenue Service [# 3-2], filed by Debtor Ralph Levi Sanders, 64 Notice of Hearing by Filer filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 04/06/2020) |

Main Doc          Certificate of Service
(/docket/16382507/65/ralph-
levi-sanders-jr/)

| 64 | Apr 6, 2020 | Notice of Hearing by Filer (Re: 63 Objection to Claim of Department of the Treasury Internal Revenue Service [# 3-2], Filed by Debtor Ralph Levi Sanders Jr.). Chapter 13 Hearing scheduled for 05/04/2020 at 01:00 PM by TELEPHONE. To participate call CourtCall (888) 882-6878. (Johnson, Michael) (Entered: 04/06/2020) |

Main Doc          Notice of Hearing by Filer
(/docket/16382507/64/ralph-
levi-sanders-jr/)

| 63 | Apr 6, 2020 | Objection to Claim of Department of the Treasury Internal Revenue Service [# 3-2], Filed by Debtor Ralph Levi Sanders Jr. (Johnson, Michael) (Entered: 04/06/2020) |

Main Doc          Objection to Claim
(/docket/16382507/63/ralph-
levi-sanders-jr/)

| 66 | Apr 8, 2020 | Notice of Appearance and Request for Service by Gavin N Stewart Filed by Creditor Specialized Loan Servicing LLC. (Stewart, Gavin) (Entered: 04/08/2020) |

Main Doc          Notice of Appearance

| 67 | Apr 10, 2020 | Notice of Continued Confirmation Hearing Filed by Trustee Robin R Weiner (Re: 61 Amended Chapter 13 Plan). Confirmation Hearing to be Held on 05/04/2020 at 09:00 AM by TELEPHONE. To participate call CourtCall (888) 882-6878. (Weiner, Robin) (Entered: 04/10/2020) |

Main Doc          Notice of Continued Confirmation
(/docket/16382507/67/ralph-     Hearing
levi-sanders-jr/)

| 69 | Apr 26, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 68 Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders). (Johnson, Michael) (Entered: 04/26/2020) |

Main Doc          Certificate of Service
(/docket/16382507/69/ralph-
levi-sanders-jr/)

| 68 | Apr 26, 2020 | Third Amended Chapter 13 Plan (Re:61 Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders) Filed by Debtor Ralph Levi Sanders Jr.. (Johnson, Michael) (Entered: 04/26/2020) |

Main Doc          Amended Chapter 13 Plan
(/docket/16382507/68/ralph-
levi-sanders-jr/)

| 70 | May 6, 2020 | Order Sustaining Objection to Claim(s)#3-2 (Re: # 63) (Banoovong, Bea) (Entered: 05/06/2020) |

Main Doc          Order on Objection to Claims
(/docket/16382507/70/ralph-
levi-sanders-jr/)

|  | May 11, 2020 | Receipt Number and Filing Fee |
|  | May 11, 2020 | Receipt of Fine/Sanction [Receipt Number 468522] [Fee Amount $100.00] (Re: 72 Order Sanctioning Attorney Michael Johnson for failure to comply with the Court's Local procedures for setting up a CourtCall appearance. Mr. Johnson is hereby required to pay $100.00 to the Clerk of the Bankruptcy Court and file proof of payment with the Court within thirty days of the entry of this Order. SO ORDERED by Judge Paul G Hyman Jr. (**This is a text-only order with no underlying PDF image entered pursuant to Local Rule 5005-4(F) and Local Rule 9021-1(A)**).) (Jeremiah, Leonard) |
| 71 | May 11, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 70 Order on Objection to Claims). (Johnson, Michael) (Entered: 05/11/2020) |
|  |  | Main Doc        Certificate of Service (/docket/16382507/71/ralph-levi-sanders-jr/) |
| 72 | May 13, 2020 | Order Sanctioning Attorney Michael Johnson for failure to comply with the Court's Local procedures for setting up a CourtCall appearance. Mr. Johnson is hereby required to pay $100.00 to the Clerk of the Bankruptcy Court and file proof of payment with the Court within thirty days of the entry of this Order. SO ORDERED by Judge Paul G Hyman Jr. (**This is a text-only order with no underlying PDF image entered pursuant to Local Rule 5005-4(F) and Local Rule 9021-1(A)**). (Hoskins, Erin) (Entered: 05/13/2020) |
|  |  | Main Doc        Order Ruling on Relief (TEXT ONLY) |
|  | May 13, 2020 | Order Ruling (TEXT ONLY) |
| 73 | May 17, 2020 | Notice of Compliance Filed by Debtor Ralph Levi Sanders Jr. (Re: 72 Order Ruling on Relief (TEXT ONLY)). (Johnson, Michael) (Entered: 05/17/2020) |
|  |  | Main Doc        Notice of Compliance/Non-Compliance (/docket/16382507/73/ralph-levi-sanders-jr/) |
| 74 | May 20, 2020 | Trustee's Request for Entry of Order Confirming Chapter 13 Third Amended Plan After Confirmation Hearing [Confirmation Hearing Date: 5/4/2020] (Weiner, Robin) (Entered: 05/20/2020) |
|  |  | Main Doc        Chapter 13 Trustee's Request for Entry of Order |
|  | May 20, 2020 | Receipt of Filing Fee Manual Docketing (All Other) |
|  | May 20, 2020 | Chapter 13 Trustee's Request for Order Confirming Plan [PAPERLESS |
| 75 | May 21, 2020 | Order Confirming (Re: 68 Third Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders). (Banoovong, Bea) (Entered: 05/21/2020) |
|  |  | Main Doc        Order Confirming Chapter 13 Plan (/docket/16382507/75/ralph-levi-sanders-jr/) |
| 76 | May 23, 2020 | BNC Certificate of Mailing (Re: 75 Order Confirming (Re: 68 Third Amended Chapter 13 Plan filed by Debtor Ralph Levi Sanders.) Notice Date 05/23/2020. (Admin.) (Entered: 05/24/2020) |
|  |  | Main Doc        BNC Certificate of Mailing (/docket/16382507/76/ralph-levi-sanders-jr/) |
| 77 | Jun 6, 2020 | |

Emergency Motion to Withdraw as Attorney of Record Filed by Debtor Ralph Levi
Sanders Jr. (Johnson, Michael) (Entered: 06/06/2020)

Main Doc                    Motion to Withdraw as Attorney
(/docket/16382507/77/ralph-
levi-sanders-jr/)

| | | |
|---|---|---|
| 79 | Jun 8, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 77 Emergency Motion to Withdraw as Attorney of Record filed by Debtor Ralph Levi Sanders, 78 Notice of Hearing). (Johnson, Michael) (Entered: 06/08/2020) |
| | | Main Doc            Certificate of Service (/docket/16382507/79/ralph-levi-sanders-jr/) |
| 78 | Jun 8, 2020 | Notice of Hearing (Re: 77 Emergency Motion to Withdraw as Attorney of Record Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/18/2020 at 09:30 AM by TELEPHONE. To participate call CourtCall (888) 882-6878. (Romero, Christina) (Entered: 06/08/2020) |
| | | Main Doc            Notice of Hearing (/docket/16382507/78/ralph-levi-sanders-jr/) |
| 80 | Jun 16, 2020 | Objection to (77 Emergency Motion to Withdraw as Attorney of Record filed by Debtor Ralph Levi Sanders) Filed by Debtor Ralph Levi Sanders Jr. (Manboard, Sandra) (Entered: 06/16/2020) |
| | | Main Doc            Objection (/docket/16382507/80/ralph-levi-sanders-jr/) |
| 81 | Jun 18, 2020 | Supplement Filed by Debtor Ralph Levi Sanders Jr. (Re: 80 Objection filed by Debtor Ralph Levi Sanders). (Manboard, Sandra) (Entered: 06/18/2020) |
| | | Main Doc            Supplemental Document (/docket/16382507/81/ralph-levi-sanders-jr/) |
| 82 | Jun 19, 2020 | Order Granting Emergency Motion To Withdraw Michael H. Johnson As Attorney (Re: 77) (Banoovong, Bea) (Entered: 06/19/2020) |
| | | Main Doc            Order on Motion to Withdraw as (/docket/16382507/82/ralph-levi-sanders-jr/) Attorney |
| 83 | Jun 21, 2020 | BNC Certificate of Mailing - PDF Document (Re: 82 Order Granting Emergency Motion To Withdraw Michael H. Johnson As Attorney (Re: 77)) Notice Date 06/21/2020. (Admin.) (Entered: 06/22/2020) |
| | | Main Doc            BNC Certificate of Mailing - PDF (/docket/16382507/83/ralph-levi-sanders-jr/) Document |
| 84 | Jun 22, 2020 | Certificate of Service Filed by Debtor Ralph Levi Sanders Jr. (Re: 82 Order on Motion to Withdraw as Attorney). (Johnson, Michael) (Entered: 06/22/2020) |
| | | Main Doc            Certificate of Service (/docket/16382507/84/ralph-levi-sanders-jr/) |
| 86 | Jun 29, 2020 | Addendum Filed by Debtor Ralph Levi Sanders Jr. (Re: 80 Objection filed by Debtor Ralph Levi Sanders). (Weldon, Melva) (Entered: 06/29/2020) |

Main Doc          Appendix/Addendum
(/docket/16382507/86/ralph-
levi-sanders-jr/)

| 85 | Jun 29, 2020 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 80 Objection). (Weldon, Melva) (Entered: 06/29/2020) |
|----|--------------|---|
|    |              | Main Doc          Notice of Filing (/docket/16382507/85/ralph-levi-sanders-jr/) |
| 87 | Aug 15, 2020 | In accordance with General Order 2020-03, this case is transferred from Judge Paul G. Hyman, Jr. to Judge Peter D. Russin. (Lebron, Lorraine) (Entered: 08/15/2020) |
|    |              | Main Doc          Judge Reassignment |
|    | Aug 15, 2020 | Notice of Case Reassignment (PGH to PDR) |
| 88 | Oct 21, 2020 | Notice of Mortgage Payment Change (Claim # 4) with Certificate of Service Filed by THE BANK OF NEW YORK MELLON. (Tillma, Matthew) (Entered: 10/21/2020) |
|    |              | Main Doc          Notice of Mortgage Payment Change (/docket/16382507/88/ralph-levi-sanders-jr/) (Claim on File) |
| 90 | Oct 31, 2020 | Notice of Change of Address Filed by Creditor THE BANK OF NEW YORK MELLON . (Grooms, Desiree)***Replaces Event 89*** (Entered: 11/02/2020) |
|    |              | Main Doc          Notice of Change of Address (/docket/16382507/90/ralph-levi-sanders-jr/) |
| 89 | Oct 31, 2020 | Notice of Change of Address for Attorney Filed by Creditor THE BANK OF NEW YORK MELLON. (Lea, Natalie) (Entered: 10/31/2020) |
|    |              | Main Doc          Notice of Change of Address (/docket/16382507/89/ralph-levi-sanders-jr/) |
| 91 | Dec 15, 2020 | Ex Parte Motion for Postponement of Mortgage Modification Mediation Scheduled for December 17, 2020 Filed by Debtor Ralph Levi Sanders Jr. (Ferere, Magali) (Entered: 12/15/2020) |
|    |              | Main Doc          Motion to Extend Time (/docket/16382507/91/ralph-levi-sanders-jr/) |
| 92 | Dec 16, 2020 | Addendum Filed by Debtor Ralph Levi Sanders Jr. (Re: 91 Ex Parte Motion for Postponement of Mortgage Modification Mediation Scheduled for December 17, 2020 Filed by Debtor Ralph Levi Sanders Jr. ). (Ferere, Magali) (Entered: 12/16/2020) |
|    |              | Main Doc          Appendix/Addendum (/docket/16382507/92/ralph-levi-sanders-jr/) |
| 93 | Jan 4, 2021  | Final Report of Loss Mitigation/Mortgage Modification Mediator Re: Loan 9424 [Agreement NOT Reached] Filed by Mediator Christian McCue. (McCue, Christian) (Entered: 01/04/2021) |
|    |              | Main Doc          Final Report of Loss Mitigation (/docket/16382507/93/ralph-Mediator levi-sanders-jr/) |
| 96 | Jan 7, 2021  |   |

Notice of Filing Refund of $300 Mediator Fee To Debtor, Filed by Mediator Christian McCue. (McCue, Christian) (Entered: 01/07/2021)

Main Doc          Notice of Filing
(/docket/16382507/96/ralph-
levi-sanders-jr/)

| 95 | Jan 7, 2021 | Order Striking Document. The document was not signed as required by Bankruptcy Rule 1008 or 9011, or was not accompanied by Official Form Declaration Concerning Debtors Schedules as required by Local Rule 1009-1(D)(1) . (Re: 92 Appendix/Addendum filed by Debtor Ralph Levi Sanders). (Grooms, Desiree) (Entered: 01/07/2021) |

Main Doc          Order Striking Paper
(/docket/16382507/95/ralph-
levi-sanders-jr/)

Att 1          Order Striking Paper
(/docket/16382507/95/1/ralph-
levi-sanders-jr/)

| 94 | Jan 7, 2021 | Order Striking Document. The document was not signed as required by Bankruptcy Rule 1008 or 9011, or was not accompanied by Official Form Declaration Concerning Debtors Schedules as required by Local Rule 1009-1(D)(1) . (Re: 91 Motion to Extend Time filed by Debtor Ralph Levi Sanders). (Grooms, Desiree) (Entered: 01/07/2021) |

Main Doc          Order Striking Paper
(/docket/16382507/94/ralph-
levi-sanders-jr/)

Att 1          Order Striking Paper
(/docket/16382507/94/1/ralph-
levi-sanders-jr/)

| 100 | Jan 9, 2021 | BNC Certificate of Mailing - PDF Document (Re: 95 Order Striking Document. The document was not signed as required by Bankruptcy Rule 1008 or 9011, or was not accompanied by Official Form Declaration Concerning Debtors Schedules as required by Local Rule 1009-1(D)(1) . (Re: 92 Appendix/Addendum filed by Debtor Ralph Levi Sanders.) Notice Date 01/09/2021. (Admin.) (Entered: 01/10/2021) |

Main Doc          BNC Certificate of Mailing - PDF
(/docket/16382507/100/ralph-          Document
levi-sanders-jr/)

| 99 | Jan 9, 2021 | BNC Certificate of Mailing - PDF Document (Re: 94 Order Striking Document. The document was not signed as required by Bankruptcy Rule 1008 or 9011, or was not accompanied by Official Form Declaration Concerning Debtors Schedules as required by Local Rule 1009-1(D)(1) . (Re: 91 Motion to Extend Time filed by Debtor Ralph Levi Sanders).) Notice Date 01/09/2021. (Admin.) (Entered: 01/10/2021) |

Main Doc          BNC Certificate of Mailing - PDF
(/docket/16382507/99/ralph-          Document
levi-sanders-jr/)

| 98 | Jan 9, 2021 | BNC Certificate of Mailing (Re: 95 Order Striking Document. The document was not signed as required by Bankruptcy Rule 1008 or 9011, or was not accompanied by Official Form Declaration Concerning Debtors Schedules as required by Local Rule 1009-1(D)(1) . (Re: 92 Appendix/Addendum filed by Debtor Ralph Levi Sanders).) Notice Date 01/09/2021. (Admin.) (Entered: 01/10/2021) |

Main Doc          BNC Certificate of Mailing
(/docket/16382507/98/ralph-
levi-sanders-jr/)

| 97 | Jan 9, 2021 | BNC Certificate of Mailing (Re: 94 Order Striking Document. The document was not signed as required by Bankruptcy Rule 1008 or 9011, or was not accompanied by Official Form Declaration Concerning Debtors Schedules as required by Local Rule 1009-1(D)(1) . (Re: 91 Motion to Extend Time filed by Debtor Ralph Levi Sanders).) Notice Date 01/09/2021. (Admin.) (Entered: 01/10/2021) |
| | | Main Doc          BNC Certificate of Mailing (/docket/16382507/97/ralph-levi-sanders-jr/) |
| 103 | Feb 25, 2021 | Certificate of Service Filed by Creditor Specialized Loan Servicing LLC (Re: 102 Notice of Hearing by Filer filed by Creditor Specialized Loan Servicing LLC). (Stewart, Gavin) (Entered: 02/25/2021) |
| | | Main Doc          Certificate of Service (/docket/16382507/103/ralph-levi-sanders-jr/) |
| 102 | Feb 25, 2021 | Notice of Hearing by Filer (Re: 101 Motion to Compel Modification of Plan Filed by Creditor Specialized Loan Servicing LLC). Chapter 13 Hearing scheduled for 04/05/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Stewart, Gavin) (Entered: 02/25/2021) |
| | | Main Doc          Notice of Hearing by Filer (/docket/16382507/102/ralph-levi-sanders-jr/) |
| 101 | Feb 25, 2021 | Motion to Compel Modification of Plan Filed by Creditor Specialized Loan Servicing LLC (Stewart, Gavin) (Entered: 02/25/2021) |
| | | Main Doc          Motion to Compel (/docket/16382507/101/ralph-levi-sanders-jr/) |
| 104 | Mar 31, 2021 | Ex Parte Motion to Continue Hearing On: [(101 Motion to Compel)] Filed by Debtor Ralph Levi Sanders Jr. (Ferere, Magali) (Entered: 03/31/2021) |
| | | Main Doc          Motion to Continue/Reschedule (/docket/16382507/104/Hearing levi-sanders-jr/) |
| 105 | Apr 1, 2021 | Order Granting Motion To Continue Hearing On: (101 Motion to Compel Modification of Plan). Chapter 13 Hearing scheduled for 05/03/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Grooms, Desiree) (Entered: 04/01/2021) |
| | | Main Doc          Order on Motion to Continue Hearing (/docket/16382507/105/ralph-levi-sanders-jr/) |
| 106 | Apr 2, 2021 | Motion for Access to DMM Filed by Debtor Ralph Levi Sanders Jr. (Ferere, Magali) (Entered: 04/02/2021) |
| | | Main Doc          Miscellaneous Motion (/docket/16382507/106/ralph-levi-sanders-jr/) |
| 107 | Apr 3, 2021 | BNC Certificate of Mailing - PDF Document (Re: 105 Order Granting Motion To Continue Hearing On: (101 Motion to Compel Modification of Plan). Chapter 13 Hearing scheduled for 05/03/2021 at 01:00 PM by TELEPHONE through |

CourtSolutions LLC.) Notice Date 04/03/2021. (Admin.) (Entered: 04/04/2021)

Main Doc          BNC Certificate of Mailing - PDF
(/docket/16382507/107/ralph
levi-sanders-jr/)

| 108 | Apr 6, 2021 | Notice of Hearing (Re: 106 Motion for Access to DMM Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 05/03/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Romero, Christina) (Entered: 04/06/2021) |

Main Doc          Notice of Hearing
(/docket/16382507/108/ralph
levi-sanders-jr/)

| 109 | Apr 8, 2021 | BNC Certificate of Mailing - Hearing (Re: 108 Notice of Hearing (Re: 106 Motion for Access to DMM Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 05/03/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC.) Notice Date 04/08/2021. (Admin.) (Entered: 04/09/2021) |

Main Doc          BNC Certificate of Mailing - Hearing
(/docket/16382507/109/ralph
levi-sanders-jr/)

| 111 | Apr 26, 2021 | Notice of Filing Original Document, Filed by Debtor Ralph Levi Sanders Jr. (Re: 106 Miscellaneous Motion). (Weldon, Melva) (Entered: 04/26/2021) |

Main Doc          Notice of Filing
(/docket/16382507/111/ralph
levi-sanders-jr/)

| 110 | Apr 26, 2021 | Notice of Filing Original Document, Filed by Debtor Ralph Levi Sanders Jr. (Re: 104 Motion to Continue/Reschedule Hearing). (Weldon, Melva) (Entered: 04/26/2021) |

Main Doc          Notice of Filing
(/docket/16382507/110/ralph
levi-sanders-jr/)

| 112 | Apr 28, 2021 | Motion for Notification of Additional Assets Filed by Debtor Ralph Levi Sanders Jr. (Ferere, Magali) (Entered: 04/28/2021) |

Main Doc          Miscellaneous Motion
(/docket/16382507/112/ralph
levi-sanders-jr/)

| 114 | Apr 30, 2021 | Objection to (101 Motion to Compel Modification of Plan filed by Creditor Specialized Loan Servicing LLC) Filed by Debtor Ralph Levi Sanders Jr. (Manboard, Sandra) (Entered: 04/30/2021) |

Main Doc          Objection
(/docket/16382507/114/ralph
levi-sanders-jr/)

| 113 | Apr 30, 2021 | Notice of Hearing (Re: 112 Motion for Notification of Additional Assets Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Romero, Christina) (Entered: 04/30/2021) |

Main Doc          Notice of Hearing
(/docket/16382507/113/ralph
levi-sanders-jr/)

| 115 | May 2, 2021 | |

BNC Certificate of Mailing - Hearing (Re: 113 Notice of Hearing (Re: 112 Motion for Notification of Additional Assets Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC.) Notice Date 05/02/2021. (Admin.) (Entered: 05/03/2021)

Main Doc          BNC Certificate of Mailing - Hearing
(/docket/16382507/115/ralph-
levi-sanders-jr/)

| 118 | May 3, 2021 | Objection to (101 Motion to Compel Modification of Plan filed by Creditor Specialized Loan Servicing LLC) Filed by Debtor Ralph Levi Sanders Jr. (Manboard, Sandra) (Entered: 05/03/2021) |

Main Doc          Objection
(/docket/16382507/118/ralph-
levi-sanders-jr/)

| 117 | May 3, 2021 | Notification of SEC Whistleblower, Filed by Debtor Ralph Levi Sanders Jr. . (Manboard, Sandra) (Entered: 05/03/2021) |

Main Doc          Notice of Filing
(/docket/16382507/117/ralph-
levi-sanders-jr/)

| 116 | May 3, 2021 | Emergency Motion For Sanctions Pursuant to 11 USC 362k Automatic Stay Violation and Creditor Misconduct Against Bank of New York Mellon, Specialized Loan Servicing, Wells Fargo Filed by Debtor Ralph Levi Sanders Jr. (Manboard, Sandra) (Entered: 05/03/2021) |

Main Doc          Motion for Sanctions
(/docket/16382507/116/ralph-
levi-sanders-jr/)

| 119 | May 4, 2021 | Notice of Hearing (Re: 116 Emergency Motion For Sanctions Pursuant to 11 USC 362k Automatic Stay Violation and Creditor Misconduct Against Bank of New York Mellon, Specialized Loan Servicing, Wells Fargo Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Romero, Christina) (Entered: 05/04/2021) |

Main Doc          Notice of Hearing
(/docket/16382507/119/ralph-
levi-sanders-jr/)

| 126 | May 6, 2021 | BNC Certificate of Mailing - Hearing (Re: 119 Notice of Hearing (Re: 116 Emergency Motion For Sanctions Pursuant to 11 USC 362k Automatic Stay Violation and Creditor Misconduct Against Bank of New York Mellon, Specialized Loan Servicing, Wells Fargo Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC.) Notice Date 05/06/2021. (Admin.) (Entered: 05/07/2021) |

Main Doc          BNC Certificate of Mailing - Hearing
(/docket/16382507/126/ralph-
levi-sanders-jr/)

| 125 | May 6, 2021 | Notice of Filing Original Document, Filed by Debtor Ralph Levi Sanders Jr. (Re: 112 Miscellaneous Motion). (Graster-Thomas, Tanesha) (Entered: 05/06/2021) |

Main Doc          Notice of Filing
(/docket/16382507/125/ralph-
levi-sanders-jr/)

| 124 | May 6, 2021 | Notice of Filing Original Document, Filed by Debtor Ralph Levi Sanders Jr. (Re: 114 Objection). (Graster-Thomas, Tanesha) (Entered: 05/06/2021) |

Main Doc          Notice of Filing
(/docket/16382507/124/ralph-
levi-sanders-jr/)

| 123 | May 6, 2021 | Notice of Filing Original Documents, Filed by Debtor Ralph Levi Sanders Jr. (Re: 116 Motion for Sanctions). (Graster-Thomas, Tanesha) (Entered: 05/06/2021) |
| | | Main Doc          Notice of Filing<br>(/docket/16382507/123/ralph-<br>levi-sanders-jr/) |
| 122 | May 6, 2021 | Notice of Filing Original Documents, Filed by Debtor Ralph Levi Sanders Jr. (Re: 117 Notice of Filing). (Graster-Thomas, Tanesha) (Entered: 05/06/2021) |
| | | Main Doc          Notice of Filing<br>(/docket/16382507/122/ralph-<br>levi-sanders-jr/) |
| 121 | May 6, 2021 | Notice of Filing Original Document, Filed by Debtor Ralph Levi Sanders Jr. (Re: 118 Objection). (Graster-Thomas, Tanesha) (Entered: 05/06/2021) |
| | | Main Doc          Notice of Filing<br>(/docket/16382507/121/ralph-<br>levi-sanders-jr/) |
| 120 | May 6, 2021 | Order Granting Motion To Compel (Re: # 101) And Setting Hearing on Motion for Access to DMM 106. Hearing Set For June 1, 2021 at 1:00 p.m. via Court Solutions (Grooms, Desiree) (Entered: 05/06/2021) |
| | | Main Doc          Order on Motion to Compel<br>(/docket/16382507/120/ralph-<br>levi-sanders-jr/) |
| 128 | May 7, 2021 | Motion for Pacer Fee Exemption Filed by Debtor Ralph Levi Sanders Jr. (Ferere, Magali) (Entered: 05/07/2021) |
| | | Main Doc          Miscellaneous Motion<br>(/docket/16382507/128/ralph-<br>levi-sanders-jr/) |
| 127 | May 7, 2021 | Certificate of Service Filed by Creditor Specialized Loan Servicing LLC (Re: 120 Order on Motion to Compel). (Stewart, Gavin) (Entered: 05/07/2021) |
| | | Main Doc          Certificate of Service<br>(/docket/16382507/127/ralph-<br>levi-sanders-jr/) |
| 129 | May 10, 2021 | Notice of Hearing (Re: 128 Motion for Pacer Fee Exemption Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Romero, Christina) (Entered: 05/10/2021) |
| | | Main Doc          Notice of Hearing<br>(/docket/16382507/129/ralph-<br>levi-sanders-jr/) |
| 130 | May 12, 2021 | BNC Certificate of Mailing - Hearing (Re: 129 Notice of Hearing (Re: 128 Motion for Pacer Fee Exemption Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC.) Notice Date 05/12/2021. (Admin.) (Entered: 05/13/2021) |
| | | Main Doc          BNC Certificate of Mailing - Hearing<br>(/docket/16382507/130/ralph-<br>levi-sanders-jr/) |

| 132 | May 21, 2021 | Notice of Hearing (Re: 131 Motion to Extend Time to Appeal (120 Order on Motion to Compel) Filed by Debtor Ralph Levi Sanders Jr. (Attachments: # 1 Attachment)) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Romero, Christina) (Entered: 05/21/2021) |
|---|---|---|
| | | Main Doc          Notice of Hearing (/docket/16382507/132/ralph-levi-sanders-jr/) |
| 131 | May 21, 2021 | Motion to Extend Time to Appeal (120 Order on Motion to Compel) Filed by Debtor Ralph Levi Sanders Jr. (Attachments: # 1 Attachment) (Ferere, Magali) (Entered: 05/21/2021) |
| | | Main Doc          Motion to Extend Time to Appeal (/docket/16382507/131/ralph-levi-sanders-jr/) |
| | | Att 1          Attachment (/docket/16382507/131/1/ralph-levi-sanders-jr/) |
| 133 | May 23, 2021 | BNC Certificate of Mailing - Hearing (Re: 132 Notice of Hearing (Re: 131 Motion to Extend Time to Appeal (120 Order on Motion to Compel) Filed by Debtor Ralph Levi Sanders Jr. (Attachments: # 1 Attachment)) Chapter 13 Hearing scheduled for 06/01/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC.) Notice Date 05/23/2021. (Admin.) (Entered: 05/24/2021) |
| | | Main Doc          BNC Certificate of Mailing - Hearing (/docket/16382507/133/ralph-levi-sanders-jr/) |
| 135 | May 27, 2021 | Notice of Filing, ORIGINAL DOCUMENT Filed by Debtor Ralph Levi Sanders Jr. (Re: 128 Miscellaneous Motion). (Ramos-White, Madeline) (Entered: 05/27/2021) |
| | | Main Doc          Notice of Filing (/docket/16382507/135/ralph-levi-sanders-jr/) |
| 134 | May 27, 2021 | Notice of Filing, ORIGINAL DOCUMENT Filed by Debtor Ralph Levi Sanders Jr. (Re: 131 Motion to Extend Time to Appeal). (Ramos-White, Madeline) (Entered: 05/27/2021) |
| | | Main Doc          Notice of Filing (/docket/16382507/134/ralph-levi-sanders-jr/) |
| 139 | Jun 1, 2021 | Notice of Filing Addendum, Filed by Debtor Ralph Levi Sanders Jr. (Re: 136 Miscellaneous Motion). (Manboard, Sandra) (Entered: 06/01/2021) |
| | | Main Doc          Notice of Filing (/docket/16382507/139/ralph-levi-sanders-jr/) |
| 138 | Jun 1, 2021 | Notice of Filing Documents, Filed by Debtor Ralph Levi Sanders Jr. (Re: 116 Motion for Sanctions). (Manboard, Sandra) (Entered: 06/01/2021) |
| | | Main Doc          Notice of Filing (/docket/16382507/138/ralph-levi-sanders-jr/) |
| 137 | Jun 1, 2021 | Notice of Filing Documents, Filed by Debtor Ralph Levi Sanders Jr. (Re: 116 Motion for Sanctions). (Manboard, Sandra) (Entered: 06/01/2021) |

'Main Doc          Notice of Filing
(/docket/16382507/137/ralph-
levi-sanders-jr/)

| 136 | Jun 1, 2021 | Motion for Notification of Creditor Directly Willing to Help Debtor, Breach of Mortgage Note Part of Objection to Mr. Stewarts's Motion and Overall Plan Filed by Debtor Ralph Levi Sanders Jr. (Manboard, Sandra) (Entered: 06/01/2021) |

Main Doc               Miscellaneous Motion
(/docket/16382507/136/ralph-
levi-sanders-jr/)

| 144 | Jun 4, 2021 | Order Denying Motion to Extend Time to Appeal (Re: # 131) (Weldon, Melva) (Entered: 06/04/2021) |

Main Doc               Order on Motion to Extend Time to
(/docket/16382507/144/ralph-   Appeal
levi-sanders-jr/)

| 143 | Jun 4, 2021 | Order Denying as Moot Motion for Fee Exemption for Pacer Re: # 128 (Weldon, Melva) (Entered: 06/04/2021) |

Main Doc               Order on Miscellaneous Motion
(/docket/16382507/143/ralph-
levi-sanders-jr/)

| 142 | Jun 4, 2021 | Order Denying Motion For Sanctions (Re: # 116) (Weldon, Melva) (Entered: 06/04/2021) |

Main Doc               Order on Motion For Sanctions
(/docket/16382507/142/ralph-
levi-sanders-jr/)

| 141 | Jun 4, 2021 | Order Denying Motion Re: # 112 (Weldon, Melva) (Entered: 06/04/2021) |

Main Doc               Order on Miscellaneous Motion
(/docket/16382507/141/ralph-
levi-sanders-jr/)

| 140 | Jun 4, 2021 | Order Denying Motion Re: # 106 (Weldon, Melva) (Entered: 06/04/2021) |

Main Doc               Order on Miscellaneous Motion
(/docket/16382507/140/ralph-
levi-sanders-jr/)

| 149 | Jun 6, 2021 | BNC Certificate of Mailing - PDF Document (Re: 144 Order Denying Motion to Extend Time to Appeal (Re: 131)) Notice Date 06/06/2021. (Admin.) (Entered: 06/07/2021) |

Main Doc               BNC Certificate of Mailing - PDF
(/docket/16382507/149/ralph-   Document
levi-sanders-jr/)

| 148 | Jun 6, 2021 | BNC Certificate of Mailing - PDF Document (Re: 143 Order Denying as Moot Motion for Fee Exemption for Pacer Re: 128) Notice Date 06/06/2021. (Admin.) (Entered: 06/07/2021) |

Main Doc               BNC Certificate of Mailing - PDF
                       Document

| 147 | Jun 6, 2021 | BNC Certificate of Mailing - PDF Document (Re: 142 Order Denying Motion For Sanctions (Re: 116)) Notice Date 06/06/2021. (Admin.) (Entered: 06/07/2021) |

Main Doc               BNC Certificate of Mailing - PDF
                       Document

| 146 | Jun 6, 2021 | BNC Certificate of Mailing - PDF Document (Re: 141 Order Denying Motion Re: 112) Notice Date 06/06/2021. (Admin.) (Entered: 06/07/2021) |
| | | Main Doc  BNC Certificate of Mailing - PDF Document |

| 145 | Jun 6, 2021 | BNC Certificate of Mailing - PDF Document (Re: 140 Order Denying Motion Re: 106) Notice Date 06/06/2021. (Admin.) (Entered: 06/07/2021) |
| | | Main Doc  BNC Certificate of Mailing - PDF (/docket/16382507/145/ralph-levi-sanders-jr/)Document |

| 152 | Jun 15, 2021 | Certificate of Service Filed by Trustee Robin R Weiner (Re: 151 Notice of Hearing by Filer filed by Trustee Robin R Weiner). (Weiner, Robin) (Entered: 06/15/2021) |
| | | Main Doc  Certificate of Service (/docket/16382507/152/ralph-levi-sanders-jr/) |

| 151 | Jun 15, 2021 | Notice of Hearing by Filer (Re: 150 Motion to Dismiss Case For Other Reason Filed by Trustee Robin R Weiner). Chapter 13 Hearing scheduled for 07/06/2021 at 01:00 PM U.S. Courthouse, 299 E Broward Blvd Courtroom 301 (PDR), Fort Lauderdale, FL. (Weiner, Robin) (Entered: 06/15/2021) |
| | | Main Doc  Notice of Hearing by Filer (/docket/16382507/151/ralph-levi-sanders-jr/) |

| 150 | Jun 15, 2021 | Motion to Dismiss Case For Other Reason Filed by Trustee Robin R Weiner (Weiner, Robin) (Entered: 06/15/2021) |
| | | Main Doc  Motion to Dismiss Case (/docket/16382507/150/ralph-levi-sanders-jr/) |

| 156 | Jun 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 139 Notice of Filing). (Ramos-White, Madeline) (Entered: 06/16/2021) |
| | | Main Doc  Notice of Filing (/docket/16382507/156/ralph-levi-sanders-jr/) |

| 155 | Jun 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 138 Notice of Filing). (Ramos-White, Madeline) (Entered: 06/16/2021) |
| | | Main Doc  Notice of Filing (/docket/16382507/155/ralph-levi-sanders-jr/) |

| 154 | Jun 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 137 Notice of Filing). (Ramos-White, Madeline) (Entered: 06/16/2021) |
| | | Main Doc  Notice of Filing |

| 153 | Jun 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 136 Miscellaneous Motion). (Ramos-White, Madeline) (Entered: 06/16/2021) |
| | | Main Doc  Notice of Filing (/docket/16382507/153/ralph-levi-sanders-jr/) |

| 157 | Jun 17, 2021 | Amended Notice of Hearing (Re: 150 Motion to Dismiss Case For Other Reason Filed by Trustee Robin R Weiner) Chapter 13 Hearing scheduled for 07/06/2021 at 01:00 PM by TELEPHONE through CourtSolutions LLC. (Romero, Christina) (Entered: 06/17/2021) |

Main Doc          Notice of Hearing
                  Amended/Renoticed/Continued

158   Jun 18, 2021      Certificate of Service Filed by Trustee Robin R Weiner (Re: 157 Notice of Hearing
                        Amended/Renoticed/Continued). (Weiner, Robin) (Entered: 06/18/2021)

                        Main Doc          Certificate of Service
                        (/docket/16382507/158/ralph-
                        levi-sanders-jr/)

159   Jun 21, 2021      Order Denying Motion Re: # 136 (Grooms, Desiree) (Entered: 06/21/2021)

                        Main Doc          Order on Miscellaneous Motion
                        (/docket/16382507/159/ralph-
                        levi-sanders-jr/)

160   Jun 23, 2021      BNC Certificate of Mailing - PDF Document (Re: 159 Order Denying Motion Re:
                        136) Notice Date 06/23/2021. (Admin.) (Entered: 06/24/2021)

                        Main Doc          BNC Certificate of Mailing - PDF
                        (/docket/16382507/160/ralph-   Document
                        levi-sanders-jr/)

164   Jul 6, 2021       Notice of Filing Addendum Filed by Debtor Ralph Levi Sanders Jr. (Re: 161
                        Objection filed by Debtor Ralph Levi Sanders). (Grooms, Desiree) (Entered:
                        07/06/2021)

                        Main Doc          Appendix/Addendum
                        (/docket/16382507/164/ralph-
                        levi-sanders-jr/)

163   Jul 6, 2021       Verified Motion for Referral to Mortgage Modification Mediation with Lender The
                        Bank of New York Mellon Filed by Debtor Ralph Levi Sanders Jr. (Grooms,
                        Desiree) (Entered: 07/06/2021)

                        Main Doc          Verified Motion for Referral to
                        (/docket/16382507/163/ralph-   Mortgage Modification Mediation by
                        levi-sanders-jr/)             Self Represented Debtor

162   Jul 6, 2021       Pro Se Objection to Peter Kelly Attendance in Case Filed by Debtor Ralph Levi
                        Sanders Jr. . (Grooms, Desiree) (Entered: 07/06/2021)

                        Main Doc          Document

161   Jul 6, 2021       Objection to (150 Motion to Dismiss Case For Other Reason filed by Trustee Robin
                        R Weiner) Filed by Debtor Ralph Levi Sanders Jr. (Grooms, Desiree) (Entered:
                        07/06/2021)

                        Main Doc          Objection

165   Jul 7, 2021       Notice of Hearing (Re: 163 Verified Motion for Referral to Mortgage Modification
                        Mediation with Lender The Bank of New York Mellon Filed by Debtor Ralph Levi
                        Sanders Jr.) Chapter 13 Hearing scheduled for 08/02/2021 at 01:00 PM by Video
                        Conference. (Romero, Christina) (Entered: 07/07/2021)

                        Main Doc          Notice of Hearing

166   Jul 8, 2021       Notice of Continued Hearing Filed by Trustee Robin R Weiner (Re: 150 Motion to
                        Dismiss Case). Chapter 13 Hearing scheduled for 08/02/2021 at 01:00 PM by
                        Video Conference. (Weiner, Robin) (Entered: 07/08/2021)

                        Main Doc          Notice of Continued Hearing
                        (/docket/16382507/166/ralph-
                        levi-sanders-jr/)

167   Jul 9, 2021

BNC Certificate of Mailing - Hearing (Re: 165 Notice of Hearing (Re: 163 Verified Motion for Referral to Mortgage Modification Mediation with Lender The Bank of New York Mellon Filed by Debtor Ralph Sanders Jr.) Chapter 13 Hearing scheduled for 08/02/2021 at 01:00 PM by Video Conference.) Notice Date 07/09/2021. (Admin.) (Entered: 07/10/2021)

| Main Doc | | BNC Certificate of Mailing - Hearing |
|---|---|---|
| 171 | Jul 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 163 Verified Motion for Referral to Mortgage Modification Mediation by Self Represented Debtor). (Grooms, Desiree) (Entered: 07/16/2021) |
| | | Main Doc         Notice of Filing |
| 170 | Jul 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 162 Document). (Grooms, Desiree) (Entered: 07/16/2021) |
| | | Main Doc         Notice of Filing |
| 169 | Jul 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 164 Appendix/Addendum). (Grooms, Desiree) (Entered: 07/16/2021) |
| | | Main Doc         Notice of Filing |
| 168 | Jul 16, 2021 | Notice of Filing ORIGINAL DOCUMENT, Filed by Debtor Ralph Levi Sanders Jr. (Re: 161 Objection). (Grooms, Desiree) (Entered: 07/16/2021) |
| | | Main Doc         Notice of Filing |
| 172 | Jul 26, 2021 | Ex Parte Motion to Continue Hearing On: [(150 Motion to Dismiss Case, 163 Verified Motion for Referral to Mortgage Modification Mediation by Self Represented Debtor)] Filed by Debtor Ralph Levi Sanders Jr. (Ferere, Magali) (Entered: 07/26/2021) |
| | | Main Doc         Motion to Continue/Reschedule Hearing |
| 173 | Jul 27, 2021 | Notice of Hearing (Re: 172 Ex Parte Motion to Continue Hearing On: [(150 Motion to Dismiss Case, 163 Verified Motion for Referral to Mortgage Modification Mediation by Self Represented Debtor)] Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 08/02/2021 at 01:00 PM by Video Conference. (Romero, Christina) (Entered: 07/27/2021) |
| | | Main Doc         Notice of Hearing (/docket/16382507/173/ralph-levi-sanders-jr/) |
| 176 | Jul 29, 2021 | BNC Certificate of Mailing - Hearing (Re: 173 Notice of Hearing (Re: 172 Ex Parte Motion to Continue Hearing On: [(150 Motion to Dismiss Case, 163 Verified Motion for Referral to Mortgage Modification Mediation by Self Represented Debtor)] Filed by Debtor Ralph Levi Sanders Jr.) Chapter 13 Hearing scheduled for 08/02/2021 at 01:00 PM by Video Conference.) Notice Date 07/29/2021. (Admin.) (Entered: 07/30/2021) |
| | | Main Doc         BNC Certificate of Mailing - Hearing |
| 175 | Jul 29, 2021 | Notice of Hearing (Re: 174 Motion for Permission to Apologize to the Court and Trustee along with Permission to Stay in Chapter 13 to Help my Creditors Filed by Debtor Ralph Levi Sanders Jr. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit)) Chapter 13 Hearing scheduled for 08/02/2021 at 01:00 PM by Video Conference. (Romero, Christina) (Entered: 07/29/2021) |
| | | Main Doc         Notice of Hearing (/docket/16382507/175/ralph-levi-sanders-jr/) |

174        Jul 29, 2021

Motion for Permission to Apologize to the Court and Trustee along with Permission to Stay in Chapter 13 to Help my Creditors Filed by Debtor Ralph Levi Sanders Jr. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit) (Ferere, Magali) (Entered: 07/29/2021)

Main Doc              Miscellaneous Motion

RE: BK 19-24331 Loan 1018459424 Re: Title/land ownership issue went from bad to uglier. Fw: Parcel ID_504111130380 561_sw_60_ave_Plantation

| | |
|---|---|
| From: | Torrez, Benny (benny.torrez@nationalbankruptcy.com) |
| To: | ralph_l_sanders@yahoo.com; crdocs@sls.net; bk@stewartlegalgroup.com; Wesley.Kozeny@BonialPC.com; Matthew.Tillma@BonialPC.com |
| Cc: | Kelly.DeSousa@BonialPC.com |
| Date: | Wednesday, October 20, 2021 at 01:09 PM EDT |

Good afternoon,

We do not have an active file open for this case. Also, BK was filed in FL and it looks like the BK case was dismissed on 9/15/2021.

Unless I'm missing something, debtor should be talking directly to the lender.

Thank you,

**Benny Torrez***
Operations Supervisor | Bonial & Associates, P.C.
14841 Dallas Parkway, Suite 425 | Dallas, TX 75254
D: 972-499-8791 | F: 972-499-8544
Benny.Torrez@BonialPC.com

Serving the states of California, Kansas, Missouri, Nebraska, Oklahoma & Texas
*Not licensed to practice law.

***Bonial & Associates, P.C. is certified as a Women's Business Enterprise (WBE) and LGBT Business Enterprise (LGBTBE)***

 

***Should escalation be required, please contact the following individual: Chris Verheyen at 972-200-7948 or Christopher.Verheyen@BonialPC.com***

This communication contains information that is intended only for the recipient named and may be privileged, confidential, subject to the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient or agent responsible for delivering this communication to the intended recipient, you are hereby notified that you have received this communication and that any review, disclosure, dissemination, distribution, use, or copying of this communication is STRICTLY PROHIBITED. If you have received this communication in error, please notify us immediately by telephone at 1-800-766-7751 or 1-972-643-6600 and destroy the material in its entirety, whether in electronic or hard copy format.

This firm is a debt collector and any information we obtain from you will be used for that purpose.

You may opt out of receiving further email communications to this address by replying with the word "STOP" in the subject line

**From:** DeSousa, Kelly <Kelly.DeSousa@BonialPC.com>
**Sent:** Tuesday, October 19, 2021 10:35 PM
**To:** 'ralph sanders' <ralph_l_sanders@yahoo.com>; crdocs@sls.net; bk@stewartlegalgroup.com; Kozeny, Wesley <Wesley.Kozeny@BonialPC.com>; Tillma, Matthew <Matthew.Tillma@BonialPC.com>; Torrez, Benny <Benny.Torrez@NationalBankruptcy.com>
**Subject:** RE: BK 19-24331 Loan 1018459424 Re: Title/land ownership issue went from bad to uglier. Fw: Parcel ID_504111130380 561_sw_60_ave_Plantation

[Adding Benny Torrez as he is Wes's PL for our IL portfolio]

Thank you.

Kelly DeSousa | Bankruptcy Paralegal

Bonial & Associates, P.C.

12400 Olive Blvd, Suite 555 | St. Louis, MO 63141
P: 314.372.8419 | F: 314.372.8410

Kelly.DeSousa@BonialPC.com

Serving the states of CA, KS, MO, NE, NY, OK & TX

*Not licensed to practice law

**From:** ralph sanders <ralph_l_sanders@yahoo.com>
**Sent:** Tuesday, October 19, 2021 5:39 PM
**To:** crdocs@sls.net; bk@stewartlegalgroup.com; Kozeny, Wesley <Wesley.Kozeny@BonialPC.com>; Tillma, Matthew <Matthew.Tillma@BonialPC.com>; DeSousa, Kelly <Kelly.DeSousa@BonialPC.com>
**Subject:** BK 19-24331 Loan 1018459424 Re: Title/land ownership issue went from bad to uglier. Fw: Parcel ID_504111130380 561_sw_60_ave_Plantation

Hi

I had received a letter from Fidelity National Title about my claim. The letter is what started my research into who owns what and what is property reality.

Look at google maps or any land GIS that has 2003, there are no 20 feet of dry land and some of the "land" that is real is claimed as part of their survey or to two (2) platS, Plantation Park 4 Broward county records book 49 page 27 and Plantation Park 10 Book 55 page 21 that was never corrected to match reality.

The title is an issue along with setbacks and property taxes on land that does not exist and other lands that is claimed by my neighbors on their surveys.

Please have your title attorneys please Wells Fargo Lender title insurance policy.

The date on their letterhead is incorrect but the date though the letter is correct.

My FNF claim is still open per this morning's email.

FNF position was that multiple wrongs make a right. That position has changed i.e. claim is still open. I am not happy with them, 5 months of 'research' o FNF side that took me 8 days to refute.

Recall BK case 19-24331 docket 80 & 81 when I brought up the issues of damaged homes/land and missing land. See above.

Does SLS service any other homes on the waterway that I am on?

You get the proceeds from Universal Property & Causality claims (new roof including trusses, new piping, new/repair foundation damage due to cast iron pipes, electric and back exterior wall due cast iron piping damage, mold damage et...) to pay what I owe you. The homeowners' policy pays  up to $740k

I got dibs on FNF

**Today**

| | | tdameritrade.com | | TD Ameritrade Official - $0.00 Commission Online Trades | With Best-in-Class ... | | Ac |
|---|---|---|---|---|---|---|---|
| ☐ | | Korte Sierra, Tiffany | | RE: I called you again this morning Re: 15 days = 15 court days ... | Yahoo | ☒ | 11:55 AM |

**Yesterday**

| ☐ | | Korte Sierra, Tiffany | | RE: 19 homes have bad titles per your defense. Re: Claim 9086... | Yahoo | ☒ | Oct 18 |

**September**

| ☐ | | Mahone-Davis, Phitina | | Claim 908629  ...Claim Number 908629 in all communications. ... | Yahoo | ✎ | Sep 24 |
| ☐ | | Mahone-Davis, Phitina | | Claim 908629  ...Claim Number 908629 in all communications. ... | Yahoo | ✎ | Sep 23 |



# Fidelity National Title
### Insurance Company

July 21, 2021

Ralph Sanders                                    *VIA EMAIL*
561 SW 60th Ave                                  ralph_l_sanders@yahoo.com
Plantation, FL 33317

RE:   Claim Number:      908629
      Policy Number:     a81-134096 (the "Policy")
      Insured:           Ralph Sanders (the "Insured" and/or "you")
      Property:          Lot 22, Block 4 of Plantation Park 10th Addition
                         Plantation, FL (the "Property")

Dear Mr. Sanders:

Claim No.: 908629

September 23, 2021

Page 2

1. Canal and Maintenance Easement Initially, please note that the Property, as conveyed to you and insured by the Policy is described as follows: Lot 22 Block 4, of PLANTATION PARK 10TH ADDITION, according to the plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward Cor Florida. Your ownership of the Property is as set forth on the Plat, the southern boundary line of which is 75.23 feet and is subject to both ½ of the 30-foo Canal and the 20-foot Maintenance Easement for a total encumbrance of 35 feet as to the western boundary of your property. Although the 2004 Survey failed to identify the encumbrance of both the Canal and the Maintenance Easement, the Property is subject to both encumbrances."

**There is no 20 feet of dry land on which all of the homes are built with the concept that  20 ft of dry land for the setback. Nor is there 20 feet of wetland in addition to the 30 feet of drainage canal/ditch.**

**The 75.23 feet is not on any public GIS mapping, even from 2003 The area FNF referred to is 50 feet before hitting the water (2003 map, title insurance date 2004). There is 25 feet missing. 20 ft X 175 ft of taxed never happened and 5 feet x 175 ft of disputed ownership.**

**Drainage/stormwater ways and the land abutting them have a different set of statutes which is another oops on FNF part. The title is dirty**

---------------------------------------------------------------------------------

You have (will have) the UPC proceeds to pay off my IOU and I have FNF

Side note: The following survey company is interested in resurveying/replat subdivision Plantation Park 4 & Subdivision Plantation Park 10

https://www.stonersurveyors.com/  They normally do not survey individual homes but in this case.

Stoner referred me to the following law firm

https://www.gmlaw.com/

Seems the concept of people paying taxes on land that is not there, does not sit well. defendant. City of Plantation.

Next attny hunt

I am looking for foreclosure attny to help translate all of the above into foreclosurize language.

Are there any foreclosure attny that you trust such that the attny will not take on a bad client ? I don't expect you to answer but I am willing to listen.

Ralph L. Sanders

561 SW 60th ave

Plantation, Fl. 33317

754.801.7097

On Saturday, October 16, 2021, 11:46:27 AM EDT, ralph sanders <ralph_l_sanders@yahoo.com> wrote:

Hi

The following is what I had sent to the Broward County Property Tax Appasiars office (BCPA) after it got the uglier.

I copied and paste the Fidelity National Title letter in my communication to BCPA with the question of why am I being taxed on land that someone else is claiming and missing land per the surveys from the City of Plantation. (see prior emails with the surveys attached)

I am paying off the mortgage with the proceeds from Homeowner Insurance since that is an option in the note.

Ralph L. Sanders

---- Forwarded Message ----

**From:** ralph sanders <ralph_l_sanders@yahoo.com>

**To:** res-docs@bcpa.net <res-docs@bcpa.net>

**Cc:** ralph sanders <ralph_l_sanders@yahoo.com>

**Sent:** Tuesday, October 5, 2021, 09:15:49 PM EDT

**Subject:** Parcel ID_504111130380 561_sw_60_ave_Plantation

Bankr.S.D.Fla._0-19-bk-24331_193 (1).pdf
162.6kB

image003.png
18.2kB



**ORDERED in the Southern District of Florida on September 14, 2021.**



Peter D. Russin, Judge
United States Bankruptcy Court

---

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.: 19-24331-BKC-PDR
PROCEEDING UNDER CHAPTER 13

IN RE:

RALPH LEVI SANDERS, JR.
XXX-XX-6171

<u>DEBTOR</u>          /

### <u>ORDER GRANTING TRUSTEE'S MOTION TO DISMISS</u>

    **THIS CAUSE** came to be heard on the September 13, 2021 Consent Calendar without opposition on Robin R. Weiner, Standing Chapter 13 Trustee's ("Trustee") Motion to Dismiss ("Motion"), and based on the record, it is

    **ORDERED:**

1.  The Trustee's Motion is **<u>GRANTED</u>**.

2.  This case is dismissed without prejudice.

ORDER GRANTING MOTION TO DISMISS
CASE NO.: 19-24331-BKC-PDR

3. Any funds remaining in the possession of the Trustee, either in a pre-confirmation or post-confirmation account, shall be utilized by the Trustee to be applied to the payment of any outstanding filing fees or other costs due to the Clerk of Court with respect to the subject Chapter 13 proceeding. The Trustee is authorized to disburse such funds, less all applicable Trustee's fees and costs on each such disbursement. If the Trustee does not have sufficient funds available to pay the balance due in full on behalf of the Debtor, the Debtor shall forthwith pay directly to the Clerk of the U.S. Bankruptcy Court any amount due and owing on said filing fees or other costs, as required by Local Rule 1017-2(E).

4. The Clerk of Court is directed to refuse to accept for filing any future voluntary petitions submitted by the Debtor if the refiling violates a prior order of the Court or if the petition is accompanied by an Application to Pay Filing Fees and Administrative Fees in Installments and filing fees remain due from any previous case filed by the Debtor.

5. All pending motions are denied as moot.

### 

**ORDER SUBMITTED BY:**

ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
954-382-2001

**COPIES FURNISHED TO:**

**DEBTOR**
RALPH LEVI SANDERS, JR.
561 SW 60 AVE.
PLANTATION, FL 33317

**ROBIN R. WEINER** IS DIRECTED TO SERVE COPIES OF THIS ORDER UPON THE PARTIES LISTED AND FILE A CERTIFICATE OF SERVICE.

*13*

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF FLORIDA FORT LAUDERDALE DIVISION

In re:

RALPH LEVI SANDERS, JR.                         CASE NO. 22-14766-
                                                 SMG CHAPTER 13

Debtor.

_____/

## RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### FILED BY COUNSEL FOR THE BANK OF NEW YORK MELLON

FILED-USBC, FLS-FTL
'22 DEC 5 PM12:44

COMES NOW, the Debtor

*Motion For Relief from the Automatic Stay, [D.E 64]* **and as cause therefore states as follows:**

1. The foreclosure that has been filed by Movant is not a simple foreclosure action.
1.      The property is physically defective property starting from 1962.
2.      The legal description of my property does not match reality.
3.      Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land
4.      it is under 13,000 sq
5.      The property has setback issues of canal bank to building
6.      The building code states that the buildings need to be 40 feet from the canal bank.
7.      The distance is set by the South Florida Water Management District.
8.      The City of Plantation building code is 20 feet for a building to be from the canal bank.
9.      Any rebuild would have to match the building code currently, including the current setback.
10.  The legal description of my property does not match reality. Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land but in reality, it is under 13,000 sq with setback issues/ References Fiditly Title

Plantation. Exhibit 4,

Proceeding exhibit 5. Magistrate hearing regarding property taxes with missing land

Proceeding: Dredging the canal damage:

The canal is a Navigable waterway, by canoe, can reach the intercoastal.

The "Relief of Stay" would have a negative impact on the Debtor and creditor's assets

The foreclosure that has been filed by Movant is not a simple foreclosure action.

1.  The property is physically defective property starting from 1962.
2.  The legal description of my property does not match reality.
3.  Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land
4.  it is under 13,000 sq
5.  The property has setback issues
6.  The building code states that the buildings need to be 40 feet from the canal bank.
7.  The distance is set by the South Florida Water Management District.
8.  The City of Plantation building code is 20 feet for a building to be from the canal bank.
9.  Any rebuild would have to match the building code currently. This house was never legal.
10. The legal description of my property does not match reality.
11. Broward County Property Appraiser office (BCPA.NET) states that I am supposed to have 20,000 sq feet of land but in reality, it is under 13,000 sq with setback issues
12. References for my statements are
    a. Fidelity Title insurance company.
    b. South Florida Water Management District,



    c. Old Plantation Water Control District

    d. Various Broward County Documents including Broward County aerial photos showing the defect.

    e. The City of Plantation Records.

13. The defective title deals with a canal maintenance easement that the City of Plantation would love to get rid.

14. The attached photos are from the Broward County Government website of aerial photos from 1963 to the year 2000.

15. All of the canals were dredged roughly in the same time period and the same building code, and the same plat (Layout).

16. One canal was not built to match the Plat

17. Which is supposed to be 30 feet of water and 25 feet of dry land.

18. In the photos, the Blue highlighted areas match the plats.

19. The Yellow highlighted area does not match the plat.

20. The Yellow section only has water.

21. The missing land also created a setback issue for the building.

22. Due to the missing land, a seawall has to be put up per code

23. Side item, the Plat(s) were not approved by the Broward County commission.

------------------------------------------------------------------------------

The appraisal was based on the legal description of the property and not based on the actual property owned by the Debtor.

1. If the bank is successful in the state foreclosure action, the bank will own more property than they are entitled to.

2. The Debtor removed the MMM language in the plan and the property is treated outside the plan, but did not surrender the property because the Debtor and the lender have an action against the surveyor, the appraiser, and the title company, for inducing the Debtor to purchase his homestead property with an incorrect legal description and or description what was being purchased. The Debtor also has an action against the prior owner who transferred this property to the Debtor by warranty deed, thereby warrantying that title was good.

------------------------------------------------------------------

To allow the bank to go forward with the foreclosure action would be prejudicial to not only the Debtor but the bank and any possible future owner of this property.

**WHEREFORE,** the Debtor requests this Honorable Court to deny the *Motion to Relief from Automatic Stay* to allow all parties to determine what property is being foreclosed and what property the Debtor owns.

Sincerely

Ralph L. Sanders

561 SW 60th ave

Plantation, Fl. 33317

Pro-se

05-64

Record & Return to:
ALL COUNTY TITLE SERVICES, INC.
2200 NW CORPORATE BLVD., SUITE 401
BOCA RATON, FL 33431

W/C

Return To:
**WELLS FARGO BANK, N.A.**
**FINAL DOCUMENTS X4701-022**
**3601 MINNESOTA DRIVE**
**BLOOMINGTON, MN  55435-5284**

This document was prepared by:
**KENNETH BRACY**
**WELLS FARGO BANK, N.A.**
**850 TRAFALGAR BLVD,350**
**MAITLAND, FL  32751-**

———————————————— [Space Above This Line For Recording Data] ————————————————

# MORTGAGE

0143369122

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are
defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used
in this document are also provided in Section 16.

(A) *"Security Instrument"* means this document, which is dated **APRIL 11, 2005**
together with all Riders to this document.
(B) *"Borrower"* is
**RALPH L SANDERS, AN UNMARRIED MAN**

Borrower is the mortgagor under this Security Instrument.
(C) *"Lender"* is  **WELLS FARGO BANK, N.A.**

Lender is a  **National Association**
organized and existing under the laws of  **THE UNITED STATES OF AMERICA**

Lender's address is

**P. O. BOX 5137, DES MOINES, IA 50306-5137**
Lender is the mortgagee under this Security Instrument.

**(D)** *"Note"* means the promissory note signed by Borrower and dated **APRIL 11, 2005**
The Note states that Borrower owes Lender **THREE HUNDRED THIRTEEN THOUSAND AND NO/100** Dollars
(U.S. $ ....**313,000.00**............) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **MAY 1, 2035**

**(E)** *"Property"* means the property that is described below under the heading "Transfer of Rights in the Property."

**(F)** *"Loan"* means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**(G)** *"Riders"* means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
☐ Balloon Rider ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider ☐ Biweekly Payment Rider ☐ Other(s) [specify]

**(H)** *"Applicable Law"* means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

**(I)** *"Community Association Dues, Fees, and Assessments"* means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(J)** *"Electronic Funds Transfer"* means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(K)** *"Escrow Items"* means those items that are described in Section 3.

**(L)** *"Miscellaneous Proceeds"* means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(M)** *"Mortgage Insurance"* means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(N)** *"Periodic Payment"* means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

SFL02    Rev 12/18/00    Page 2 of 18    Initials: _____    FORM 3010    1/01

# OWNER'S POLICY OF TITLE INSURANCE

## Issued by **Lawyers Title Insurance Corporation**

**LandAmerica**
**Lawyers Title**

*Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.*

**POLICY NUMBER**
**A81-013409b**

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land.

The Company also will pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

**LAWYERS TITLE INSURANCE CORPORATION**

Attest: *[signature]*    Secretary        By: *[signature]* Janet A. Alpert    President

*[SEAL: LAWYERS TITLE INSURANCE CORPORATION — S E A L — 1925 — Richmond, VA]*

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.

4. Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws that is based on:
   (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
      (i) to timely record the instrument of transfer; or
      (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

2

# Lawyers Title Insurance Corporation
### *OWNER'S POLICY*
### Schedule A

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

Effective Date:   May 12, 2004, or the date and time of recording of the insured deed, whichever is later.

Amount of Insurance:  $292,000.00

1.    Name of Insured: Ralph Sanders

2.    The estate or interest in the land described herein and which is covered by this policy is a fee simple (if other, specify same) and is at the effective date hereof vested in the named insured as shown by the instrument to be recorded.

3.    The land referred to in this policy is described as follows:

Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida; said lands situate, lying and being in Broward County, Florida.

4.    The land described herein is encumbered by the following mortgage and assignments, if any.

Mortgage in the sum of $232,000.00 from Ralph Sanders to Chase Manhattan Mortgage Corporation  dated May 12, 2004, to be recorded in the Public Records of Broward County, Florida.

Agent No.:  12-40279

Issuing Agent:

All County Title Services, Inc.
2499 Glades Road, Suite 112
Boca Raton, FL 33431

_____
Agent's Signature

Form OPM-SCH. A
(rev. 1/98)

DoubleTime®

# Lawyers Title Insurance Corporation
## *OWNER'S POLICY*
## Schedule B

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.

2. Rights or claims of parties in possession not shown by the public records.

3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

4. Easements or claims of easements not shown by the public records.

5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.

7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.

8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.

9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.

ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

DoubleTime®

*(handwritten:)* TITLE POLICY JUST TO BE SURE -- OUT OF F

*(handwritten:)* 3      DAMAGE 3

# GOOD FAITH ESTIMATE

| | | | |
|---|---|---|---|
| Applicants: | Ralph L Sanders | Application No: | sanders05/6 |
| Property Addr: | 561 SW 60 Ave, Fort Lauderdale, FL 33317 | Date Prepared: | 03/01/2005 |
| Prepared By: | AmericaOne Mortgage Services, Inc  Ph. 321-308-0629 | Loan Program: | FL-R30FX30DayLock |
| | 1900 S. Harbor City Blvd, #304, Melbourne, FL 32901 | | |

*(handwritten:)* DIFF INS COMPANY

The information provided below reflects estimates of the charges which you are likely to incur at the settlement of your loan. The fees listed are estimates-actual charges may be more or less. Your transaction may not involve a fee for every item listed. The numbers listed beside the estimates generally correspond to the numbered lines contained in the HUD-1 settlement statement which you will be receiving at settlement. The HUD-1 settlement statement will show you the actual cost for items paid at settlement.

**Total Loan Amount** 303,100  **Interest Rate:** 5.500 %  **Term:** 360 / 360 mths

| | | | | | |
|---|---|---|---|---|---|
| **800** | **ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | | | |
| 801 | Loan Origination Fee | 0.000% + $ | 0.00 | $ | PFC |
| 802 | Loan Discount | 0.000% + $ | 0.00 | | PFC |
| 803 | Appraisal Fee | | (PAID) | 325.00 | |
| 804 | Credit Report | | | 0.00 | |
| 805 | Lender's Inspection Fee | | | 0.00 | |
| 808 | Mortgage Broker Fee | 0.000% + $ | 0.00 | | |
| 809 | Tax Related Service Fee | | | 0.00 | PFC |
| 810 | Processing Fee | | | 200.00 | PFC |
| 811 | Underwriting Fee | | | 425.00 | PFC |
| 812 | Wire Transfer Fee | | | 0.00 | |
| | **813 Flood Certificate** | | | 0.00 | PFC |
| | **814 Application Fee** | | | 325.00 | PFC |
| | **815 Escrow Waiver Fee (0.25% x Loan Amt)** | | | N/A | PFC |
| | | | | | |
| **1100** | **TITLE CHARGES:** | | | | |
| 1101 | Closing or Escrow Fee: | | | $ 200.00 | |
| 1105 | Document Preparation Fee | | | | |
| 1106 | Notary Fees | | | | |
| 1107 | Attorney Fees | | | | |
| 1108 | Title Insurance:  **Lender's Policy**** | | | 1,590.50 | |
| | **** Discounts may be available - Please contact your Title Co.** | | | | |
| | **1109 Title Search / Title Exam** | | | 225.00 | |
| | **1110 Title Endorsements** | | | 190.00 | |
| | **1111 Courier / Overnight Delivery / Wire Fees** | | | 75.00 | |
| **1200** | **GOVERNMENT RECORDING & TRANSFER CHARGES:** | | | | |
| 1201 | Recording Fees: | | | $ 200.00 | |
| 1202 | City/County Tax/Stamps:  **Intangibles Tax** | | | 606.20 | |
| 1203 | State Tax/Stamps:  **FL Stamp Tax (Mortgage)** | | | 1,060.85 | |
| | **FL Stamp Tax (Deed)** | | | 0.00 | |
| | | | | | |
| **1300** | **ADDITIONAL SETTLEMENT CHARGES:** | | | | |
| 1302 | Pest Inspection | | | $ | |
| | **1303 Survey (if required, $275)** | | | 0.00 | |
| | | | | | |
| | | **Estimated Closing Costs** | | 5,422.55 | |
| **900** | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | | | |
| 901 | Interest for | 6 days @ $ | 46.3069 per day | $ 277.84 | PFC |
| 902 | Mortgage Insurance Premium | | | | |
| 903 | Hazard Insurance Premium | | | | |
| 904 | *Interest calc'd from date of closing to end of mo. | | | | |
| 905 | VA Funding Fee | | | | |
| | Homeowner's Assoc Dues (if req'd, 1yr) | | | | |
| **1000** | **RESERVES DEPOSITED WITH LENDER:** | | | | |
| 1001 | Hazard Insurance Premiums | 6 months @ $ | 130.00 per month | $ 780.00 | |
| 1002 | Mortgage Ins. Premium Reserves | months @ $ | per month | | |
| 1003 | School Tax | months @ $ | per month | | |
| 1004 | Taxes and Assessment Reserves | 7 months @ $ | 220.00 per month | 1,540.00 | |
| 1005 | Flood Insurance Reserves | months @ $ | per month | | |
| | | months @ $ | per month | | |
| | | months @ $ | per month | | |
| | | **Estimated Prepaid Items/Reserves** | | 2,597.84 | |
| **TOTAL ESTIMATED SETTLEMENT CHARGES** | | | | 8,020.39 | |
| **COMPENSATION TO BROKER** | (Not Paid Out of Loan Proceeds) : | | | $ 0.00% to 3.0% | |
| | **PAID BY LENDER - In accordance w/State & Fed regs.** | | | | |
| | **AmericaOne may receive 0-3% commission paid by lender** | | | | |

| TOTAL ESTIMATED FUNDS NEEDED TO CLOSE: | | | | TOTAL ESTIMATED MONTHLY PAYMENT: | |
|---|---|---|---|---|---|
| Purchase Price/Payoff (+) | 232,000.00 | New First Mortgage(-) | | Principal & Interest | 1,720.97 |
| Loan Amount (-) | 303,100.00 | Sub Financing(-) | | Other Financing (P & I) | |
| Est. Closing Costs (+) | 5,422.55 | New 2nd Mtg Closing Costs(+) | | Hazard Insurance | 130.00 |
| Est. Prepaid Items/Reserves (+) | 2,597.84 | | | Real Estate Taxes | 220.00 |
| Amount Paid by Seller (-) | | | | Mortgage Insurance | |
| Less: Appraisal | (325.00) | | | Homeowner Assn. Dues | |
| Less: Application | (325.00) | | | Other | |
| Rolled in: $ | | | | | |
| | | | | | |
| **Total Est. Funds to you** | 63,729.61 | | | **Total Monthly Payment** | 2,070.97 |

☑ This Good Faith Estimate is being provided by **AmericaOne Mortgage Services, Inc**, a mortgage broker, and no lender has been obtained. These estimates are provided pursuant to the Real Estate Settlement Procedures Act of 1974, as amended (RESPA). Additional information can be found in the HUD Special Information Booklet, which is to be provided to you by your mortgage broker or lender. If your application is to purchase residential real property and the lender will take a first lien on the property. The undersigned acknowledges receipt of the booklet "Settlement Costs." and if applicable the Consumer Handbook on ARM Mortgages.

| | | | |
|---|---|---|---|
| Applicant   **Ralph L Sanders** | Date | Applicant | Date |

Calyx Form gfe.frm 11/01

RE: Claim 908629

From: Gordon, David (david.gordon1@fnf.com)

To: ralph_l_sanders@yahoo.com

Cc: Hunter.Flynn@fnf.com; Hunter.Flynn@fnf.com

Date: Friday, October 21, 2022 at 10:49 AM EDT

This message was sent securely using Zix

Mr. Sanders:

I am following up on the below. You recently resubmitted the claim to the Company due to alleged documents that you found that show the lot should be 20,000 square feet, and instead it is 12,000 square feet. I have attempted to follow up twice below but I have still yet to receive a response.

Can you please provide more detail as to the nature of the title insurance claim you are submitting? What are the documents that show the lot should be 20,000 but instead show it is 12,000?

Thank you,

David Gordon
**Fidelity National Title Group**
Jacksonville Claims Center
601 Riverside Avenue
Jacksonville, FL 32204
Phone: 904.513.6015
David.Gordon1@fnf.com

**From:** Flynn, Hunter <Hunter.Flynn@fnf.com>
**Sent:** Wednesday, October 12, 2022 8:33 AM
**To:** ralph_l_sanders@yahoo.com
**Cc:** Gordon, David <David.Gordon1@fnf.com>
**Subject:** RE: Claim 908629

Good morning,

I am following up on the request bellow.

Thank you so much!

**Hunter Flynn**

**Legal Assistant**

**Direct: 9048548934**

**Email:** Hunter.Flynn@fnf.com

Case 22-14766-SMG Doc 74 Filed 12/06/22 Page 12 of 20



Re: Citizens Request :: C008013-081022

From:  Priest, Gary (gpriest@sfwmd.gov)

To:    ralph_l_sanders@yahoo.com

Date:  Friday, September 30, 2022 at 06:32 PM EDT

Ralph,
We don't know but the City of Plantation can probably provide that.

Thanks
Gary

Get Outlook for iOS

**From:** ralph sanders <ralph_l_sanders@yahoo.com>
**Sent:** Friday, September 30, 2022 5:59:45 PM
**To:** Priest, Gary <gpriest@sfwmd.gov>
**Subject:** Re: Citizens Request :: C008013-081022

*SOUTH FLORID·*

[Please remember, this is an external email]

Any idea when Plantation started owning the Plantation Park canal or is that canalS started?
Please say prior to 2004 i.e. That is the year my title insurance started.:}

Thank You.



## Lawyers Title Insurance Corporation
*OWNER'S POLICY*
### Schedule B

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.

2. Rights or claims of parties in possession not shown by the public records.

3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

4. Easements or claims of easements not shown by the public records.

5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.

7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.

8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.

9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.


ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

*Form OPM-SCH. B*
*(rev. 5/94)*

DoubleTime®

Document drafted and prepared by and
when recorded, return to:

Wells Fargo Home Mortgage
Michael Schmalen, x9999-018
PO Box 1629
Minneapolis, MN  55440-9790

(Space above this line for recorder use only)

## ASSIGNMENT OF MORTGAGE

For value received, **Wells Fargo Bank, N.A.**, herein "Assignor", whose address is 1 HOME CAMPUS, DES MOINES, IA 50328, the undersigned hereby grants, assigns, and transfers to:

**The Bank of New York Mellon, fka The Bank of New York as Successor in interest to JP Morgan Chase Bank NA as Trustee for Bear Stearns Asset Backed Securities Trust 2006-SD2, Asset-Backed Certificates, Series 2006-SD2**
One Wall Street, New York, NY 10286

herein "Assignee" its successors and/or assigns, all its right, title, and all beneficial interest under that certain MORTGAGE, herein "Security Instrument" executed by Ralph L Sanders, An Unmarried Man, dated April 11, 2005, in the amount of $313,000.00 and given to Wells Fargo Bank, N.A. and recorded on April 20, 2005 as Document or Instrument Number 104922671 and/or in Book 39474, Page 1072, of Official Records in the County Recorder's office of Broward County, Florida, describing land therein as:

| | |
|---|---|
| Property Address: | 561 SW 60 Ave, Plantation, FL 33317 |
| Parcel ID #: | N/A |
| Legal Description: | See Attached |

Signed this  _6/20/11_  .

**Wells Fargo Bank, N.A.**

Witness:  _Carrie Ferguson_

_Carissa Keeler_
**Carissa Keeler**
Vice President Loan Documentation

Witness:  **Nicholas Hoye**

### FLORIDA ALL PURPOSE NOTARY ACKNOWLEDGEMENT

STATE OF MINNESOTA            }
                             }
COUNTY OF DAKOTA              }

On this  _6/20/11_  before me,  _ANN M GARDNER_ , personally appeared
_Carissa Keeler_ , Vice President Loan Documentation, Wells Fargo Bank, N.A. , ☐
personally known to me - **OR -** ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary:  _ANN M GARDNER_

ANN M GARDNER
Notary Public
Minnesota
My Commission Expires Jan. 31, 2013

**Legal Description**

Lot 22, in Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, as recorded in Plat Book 55, at Page 21, of the Public Records of Broward County, Florida.

From: Gordon, David (david.gordon1@fnf.com)

To: ralph_l_sanders@yahoo.com

Cc: Hunter.Flynn@fnf.com; Hunter.Flynn@fnf.com

Date: Friday, October 21, 2022 at 10:49 AM EDT

This message was sent securely using Zix

Mr. Sanders:

I am following up on the below. You recently resubmitted the claim to the Company due to alleged documents that you found that show the lot should be 20,000 square feet, and instead it is 12,000 square feet. I have attempted to follow up twice below but I have still yet to receive a response.

Can you please provide more detail as to the nature of the title insurance claim you are submitting? What are the documents that show the lot should be 20,000 but instead show it is 12,000?

Thank you,

David Gordon
**Fidelity National Title Group**
Jacksonville Claims Center
601 Riverside Avenue
Jacksonville, FL 32204
Phone: 904.513.6015
David.Gordon1@fnf.com


**From: Flynn, Hunter <Hunter.Flynn@fnf.com>**
**Sent: Wednesday, October 12, 2022 8:33 AM**
**To: ralph_l_sanders@yahoo.com**
**Cc: Gordon, David <David.Gordon1@fnf.com>**
**Subject: RE: Claim 908629**


Good morning,

I am following up on the request bellow.

Thank you so much!

**Hunter Flynn**

**Legal Assistant**

**Direct: 9048548934**

**Email: Hunter.Flynn@fnf.com**

*17*

ARIEL E. STERN, ESQ.
Nevada Bar No. 8276
MELANIE D. MORGAN, ESQ.
Nevada Bar No. 8215
JAMIE K. COMBS, ESQ.
Nevada Bar No. 13088
**AKERMAN LLP**
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone:    (702) 634-5000
Facsimile:    (702) 380-8572
Email:  ariel.stern@akerman.com
        melanie.morgan@akerman.com
        jamie.combs@akerman.com

*Attorneys for The Bank of New York Mellon f/k/a*
*The Bank of New York as Trustee for the Holders*
*of the SAMI II Trust 2006-AR7*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF THE SAMI II TRUST 2006-AR7, | Case No: 2:20-cv-2124 |
| Plaintiff, | **COMPLAINT** |
| | **Jury Trial Demanded** |
| v. | |
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, AS SUCCESSOR TO UNITED CAPITAL TITLE INSURANCE COMPANY; DOES I THROUGH X; AND ROE CORPORATIONS I THROUGH X | |
| Defendants. | |

The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Holders of

the SAMI II Trust 2006-AR7 (**BoNYM**) complains as follows:

. . .

. . .

. . .

. . .

55256577;1

**PARTIES AND JURISDICTION**

1.     BoNYM is a national banking association.

2.     Fidelity National Title Insurance Company is a corporation. Fidelity is successor to United Capital Title Insurance Company, who underwrote the policy of title insurance at issue in this action.

3.     BoNYM is the beneficiary of record under a recorded deed of trust encumbering the residential property located at 11080 Kilkerran Court, Las Vegas, Nevada 89141.

4.     Fidelity's predecessor underwrote the policy of title insurance that insured the enforceability, priority, and marketability of BoNYM's deed of trust.

5.     Does I through X, inclusive, are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are voidable pursuant to NRS Chapter 112.  BoNYM may seek leave of court to amend this complaint to reflect the true names and identities of the Doe defendants when known.

6.     Roe Corporations I through X, inclusive, are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are voidable pursuant to NRS Chapter 112.  BoNYM may seek leave of court to amend this complaint to reflect the true names and identities of the Roe defendants when known.

7.     This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The parties are diverse.  BoNYM is a citizen of New York, where its principal offices are located.  Upon information and belief, Fidelity is not a citizen of New York.  The amount in controversy exceeds $75,000 as BoNYM seeks indemnification from a $977,500 title insurance policy.

8.     Venue is proper in this court under 28 U.S.C. §1391 because this action concerns real property located in Clark County, Nevada, and the facts and circumstances giving rise to this complaint occurred in Clark County, Nevada.

. . .

. . .

. . .

AKERMAN LLP
1635 VILLAGE CENTER CIRCLE, SUITE 200
LAS VEGAS, NEVADA 89134
TEL.: (702) 634-5000 – FAX: (702) 380-8572

55256577;1

*7-0.0*



**BRENDA D. FORMAN**
**CLERK OF THE COURTS**
browardclerk.org ■ BROWARD COUNTY, FLORIDA

Menu ☰

The Clerk's Office will be closed on Monday, January 16th, for Martin Luther King Jr's Birthday

**Is your court hearing being held via Zoom? Learn more about Remote Court Hearings by Zoom. (/GeneralInformation/Miscellaneous#RemoteHearingsbyZoom)**

# Case Detail - Public

🖨 Print

## Bank Of New York Mellon Plaintiff vs. Ralph L Sanders, et al Defendant

**Broward County Case Number:** CACE11016092
**State Reporting Number:** 062011CA016092AXXXCE
**Court Type:** Civil
**Case Type:** Real Prop Homestead Res Fore =/>$250,000
**Incident Date:** N/A
**Filing Date:** 07/13/2011
**Court Location:** Central Courthouse
**Case Status:** Reclosed Case
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 11 Gundersen, Andrea Ruth

— Party(ies)                                                    Total: 5



| Date | Statistical Closure(s) |
|---|---|
| 10/30/2013 | Disposed by Non-Jury Trial |

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|
| 10/29/2013 | **Final Judgment of Foreclosure** <br> Vol./Book 50296 , Page 533, 4 pages <br> Instrument Number 111902403 | 📄 | 4 |

## − Event(s) & Document(s)                                    Total: 114

Other Document(s) on This Case

| Date | Document Description | View | Pages |
|---|---|---|---|
| 11/06/2013 | 01+PLTF+EXH-++COPY+OF+MORTGAGE%2c+DEFAULT+LETTER%2c+PAYMENT+HISTORY+AND+LOAN+HISTORY | 🔒 | 67 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 06/21/2022 | **Notice of Cancellation** | | 📄 | 2 |
| 06/20/2022 | **Suggestion of Bankruptcy** | CASE 22-14766-SMG <br> Party: *Defendant* Sanders, Ralph L | 📄 | 2 |
| 06/16/2022 | **Reply** | TO DEFENDANT'S AMENDED MOTION FOR STAY <br> Party: *Plaintiff* Bank Of New York Mellon | 📄 | 3 |
| 06/15/2022 | **Notice of Prod of Documents** | | 📄 | 19 |
| 06/13/2022 | **Amended Motion** | FOR STAY AND EXTENSION OF TIME FOR 120 DAYS AND RESPONSE TO PLAINTIFF'S AMENDED MOTION TO RESCHEDU <br> E FORECLOSURE SALE, AND RESPONSE TO DEFENDANTS MOTION FOR A TWO WEEK EXTENSION TO RESPOND TO AND PPOSE PLAINTIFF'S MOTION TO REOPEN CASE AND RESCHEDULE FORECLOSURE SALE <br> Party: *Defendant* Sanders, Ralph L | 📄 | 9 |
| 06/03/2022 | **Notice of Hearing** | | 📄 | 2 |
| 06/03/2022 | **Amended Motion** | TO RESCHEDULE FORECLOSURE SALE. AND RESPONSE TO DEFENDANTS MOTION FOR A TWO WEEK EXTENSION TO RESPO <br> D AND OPPOSE PLAINTIFFS MOTION TO REOPEN CASE AND RESCHEDULE FORECLOSURE SALE <br> Party: *Plaintiff* Bank Of New York Mellon | 📄 | 36 |

*20-1*

SERVICE OF COURT DOCUMENT CASE NUMBER 062011CA016092AXXXCE BANK OF NEW YORK MELLON VS SANDERS, RALPH L

From:  eservice@myflcourtaccess.com

Date:  Monday, January 9, 2023 at 04:01 PM EST

**Notice of Service of Court Documents**

**Filing Information**

| | |
|---|---|
| Filing #: | 164373060 |
| Filing Time: | 01/09/2023 04:00:39 PM ET |
| Filer: | Gary I Gassel 941-952-9322 |
| Court: | Seventeenth Judicial Circuit in and for Broward County, Florida |
| Case #: | 062011CA016092AXXXCE |
| Court Case #: | CACE-11-016092 |
| Case Style: | BANK OF NEW YORK MELLON VS SANDERS, RALPH L |

**Documents**

| Title | File |
|---|---|
| Notice Of Filing | Sanders - NOF BK Order.pdf |
| Motion To Reschedule Foreclosure Sale - (Reopen Case) | Sanders 2nd Amd Motion.pdf |

**E-service recipients selected for service:**

| Name | Email Address |
|---|---|
| Chad Thomas Sliger | tampapipgeico@geico.com |
| David Michael Dilts | ecf@albertellilaw.com |
| Gary I Gassel | Pleadings@Gassellaw.com |
| | Efiling@Gassellaw.com |
| | EPortal@Gassellaw.com |
| Justin Charles Ritchie | ecf@albertellilaw.com |
| Michael H Johnson | mike@attorneydebthelper.com |
| | jenessa@attorneydebthelper.com |
| Nathan P. Gryglewicz | ecf@albertellilaw.com |
| Philip Frederick Reznik | ecf@albertellilaw.com |
| | genlit@alaw.net |
| Ralph Levi Sanders | ralph_l_Sanders@yahoo.com |
| | ralph.l.sanders@gmail.com |
| | ralph.l.sanders@gmail.com |
| Raysa I Rodriguez | brpa@biggerodriguez.com |
| Ron Bilu | rbilu@bilulaw.com |
| | avalencia@bilulaw.com |
| | johana@bilulaw.com |
| N/A | tampapipgeico@geico.com |
| Silver Jade Bohn | ecf@albertellilaw.com |
| United States Attorney | usafls.2410@usdoj.gov |
| Stuart Michael Smith | ecf@albertellilaw.com |

**E-service recipients not selected for service:**

| Name | Email Address |
|---|---|
| No Matching Entries | |

This is an automatic email message generated by the Florida Courts E-Filing Portal. This email address does not receive email.

Document Access Link(s) will be active for 14 days (excluding weekends) after the Clerk accepts the submission or it is abandoned. In addition to access to the link for 14 days (excluding weekends), the documents will also be available, after acceptance by the Clerk, to counsel of record in the portal on the My Cases page, by clicking on the case number and then the document name, or by accessing the Clerk's website.

Thank you,
The Florida Courts E-Filing Portal

SERVICE OF COURT DOCUMENT: CACE11016092

*20 - 2*

From:  noreply@17th.flcourts.org

Date:  Tuesday, January 10, 2023 at 11:14 AM EST

This is a system generated email. Please do not reply to this message.

Case Number: CACE11016092
Division: Gundersen, Andrea Ruth (11)
Style:Bank Of New York Mellon Plaintiff vs.Ralph L Sanders, et al Defendant

Sequence Number: 1
Category: Motion Calendar
Schedule Date and Time:02-07-2023 9:15 AM - 02-07-2023 10:00 AM
Room Number: 15160 or Zoom: https://17thflcourts.zoom.us/j/852787101
Motion: 2ND Amended Motion to Reschedule Foreclosure Sale and Response to Defendant's Motion for Two Week
Extension to Respond and Oppose Plaintiff's Motion to Reopen Case and Reschedule Foreclosure Sale
Scheduler: Gassel, Gary Ira
Phone Number: 9419529322
Created Date:01-10-2023 11:03 AM
Status: Ready

The 17th Judicial Circuit serves the citizens of Broward County Florida. It is the second largest jurisdiction in the State of
Florida. The information transmitted is intended only for the person or entity to which it is addressed and may contain
confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action
in reliance upon, this information by persons or entities other than the intended recipient is prohibited. If you received
this in error, please contact the sender and delete the material from any computer.

CJA 24 AUTHORIZATION AND VOUCHER FOR PAYMENT OF TRANSCRIPT (Rev. 01/08)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED Ralph Levi Sanders Jr. | VOUCHER NUMBER |
|---|---|---|

| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | 6. OTHER DKT. NUMBER |
|---|---|---|---|

| 7. IN CASE/MATTER OF *(Case Name)* Sanders VS Wells Fargo/Bank | 8. PAYMENT CATEGORY ☐ Felony ☐ Petty Offense ☐ Misdemeanor ☐ Other ☑ Appeal | 9. TYPE PERSON REPRESENTED ☐ Adult Defendant ☑ Appellant ☐ Juvenile Defendant ☐ Appellee ☐ Other | 10. REPRESENTATION TYPE *(See Instructions)* |
|---|---|---|---|

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section) *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

## REQUEST AND AUTHORIZATION FOR TRANSCRIPT

12. PROCEEDING IN WHICH TRANSCRIPT IS TO BE USED *(Describe briefly)*
Bankruptcy 22-bk-14766-SMG December 8, 2022 1 pm Debtor Ralph Levi Sanders Jr. Judge Grossman Bankruptcy.

13. PROCEEDING TO BE TRANSCRIBED *(Describe specifically).  NOTE: The trial transcripts are not to include prosecution opening statement, defense opening statement, prosecution argument, defense argument, prosecution rebuttal, voir dire or jury instructions, unless specifically authorized by the Court (see Item 14).*

| 14. SPECIAL AUTHORIZATIONS | JUDGE'S INITIALS |
|---|---|
| A. Apportioned Cost  100.00 % of transcript with *(Give case name and defendant)* | . |
| B. ☐ 14-Day   ☑ Expedited   ☐ Daily   ☐ Hourly   ☐ Realtime Unedited | |
| C. ☐ Prosecution Opening Statement   ☐ Prosecution Argument   ☐ Prosecution Rebuttal ☐ Defense Opening Statement   ☐ Defense Argument   ☐ Voir Dire   ☐ Jury Instructions | |
| D. In this multi-defendant case, commercial duplication of transcripts will impede the delivery of accelerated transcript services to persons proceeding under the Criminal Justice Act. | |

| 15. ATTORNEY'S STATEMENT | 16. COURT ORDER |
|---|---|
| As the attorney for the person represented who is managed above, I hereby affirm that the transcript requested is necessary for adequate representation.  I, therefore, request authorization to obtain the transcript services at the expense of the United States pursuant to the Criminal Justice Act.<br><br>_____    _____<br>Signature of Attorney              Date<br><br>_____<br>Printed Name<br>Telephone Number: _____<br>☐ Panel Attorney   ☐ Retained Attorney   ☑ Pro-Se   ☐ Legal Organization | Financial eligibility of the person represented having been established to the Court's satisfaction the authorization requested in Item 15 is hereby granted.<br><br>_____<br>Signature of Presiding Judge or By Order of the Court<br><br>_____    _____<br>Date of Order              Nunc Pro Tunc Date |

## CLAIM FOR SERVICES

| 17. COURT REPORTER/TRANSCRIBER STATUS ☐ Official   ☐ Contract   ☐ Transcriber   ☐ Other | 18. PAYEE'S NAME  AND MAILING ADDRESS |
|---|---|
| 19. SOCIAL SECURITY NUMBER OR EMPLOYER ID NUMBER OF PAYEE | Telephone Number: |

| 20.    TRANSCRIPT | INCLUDE PAGE NUMBERS | NO. OF PAGES | RATE PER PAGE | SUB-TOTAL | LESS AMOUNT APPORTIONED | TOTAL |
|---|---|---|---|---|---|---|
| Original | | | | | | |
| Copy | | | | | | |
| Expense *(Itemize)* | | | | | | |
| | | | | **TOTAL AMOUNT CLAIMED:** | | |

21. CLAIMANT'S CERTIFICATION OF SERVICE PROVIDED
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment *(compensation or anything of value)* from any other source for these services.

Signature of Claimant/Payee _____    Date _____

## ATTORNEY CERTIFICATION

22. CERTIFICATION OF ATTORNEY OR CLERK  I hereby certify that the services were rendered and that the transcript was received.

_____    _____
Signature of Attorney or Clerk              Date

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. APPROVED FOR PAYMENT<br><br>_____    _____<br>Signature of Judge or Clerk of Court        Date | 24. AMOUNT APPROVED |
|---|---|

CJA 24 AUTHORIZATION AND VOUCHER FOR PAYMENT OF TRANSCRIPT (Rev. 01/08)

| 1. CIR./DIST./ DIV. CODE | 2. PERSON REPRESENTED<br>Ralph Levi Sanders Jr. | | VOUCHER NUMBER | |
|---|---|---|---|---|
| 3. MAG. DKT./DEF. NUMBER | 4. DIST. DKT./DEF. NUMBER | 5. APPEALS DKT./DEF. NUMBER | | 6. OTHER DKT. NUMBER |

| 7. IN CASE/MATTER OF *(Case Name)*<br><br>Sanders VS Wells Fargo/Bank | 8. PAYMENT CATEGORY<br>☐ Felony          ☐ Petty Offense<br>☐ Misdemeanor   ☐ Other<br>☑ Appeal | 9. TYPE PERSON REPRESENTED<br>☐ Adult Defendant       ☑ Appellant<br>☐ Juvenile Defendant    ☐ Appellee<br>☐ Other | 10. REPRESENTATION TYPE<br>*(See Instructions)* |
|---|---|---|---|

11. OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)  *If more than one offense, list (up to five) major offenses charged, according to severity of offense.*

## REQUEST AND AUTHORIZATION FOR TRANSCRIPT

12. PROCEEDING IN WHICH TRANSCRIPT IS TO BE USED *(Describe briefly)*
Bankruptcy 22-bk-14766-SMG December 8, 2022 1 pm Debtor Ralph Levi Sanders Jr. Judge Grossman Bankruptcy.

13. PROCEEDING TO BE TRANSCRIBED *(Describe specifically).  NOTE: The trial transcripts are not to include prosecution opening statement, defense opening statement, prosecution argument, defense argument, prosecution rebuttal, voir dire or jury instructions, unless specifically authorized by the Court (see Item 14).*

| 14. SPECIAL AUTHORIZATIONS | JUDGE'S INITIALS |
|---|---|
| A.  Apportioned Cost  **100.00**% of transcript with *(Give case name and defendant)* | |
| B.  ☐ 14-Day          ☑ Expedited          ☐ Daily          ☐ Hourly          ☐ Realtime Unedited | |
| C.  ☐ Prosecution Opening Statement     ☐ Prosecution Argument     ☐ Prosecution Rebuttal<br>☐ Defense Opening Statement      ☐ Defense Argument      ☐ Voir Dire          ☐ Jury Instructions | |
| D.  In this multi-defendant case, commercial duplication of transcripts will impede the delivery of accelerated transcript services to persons proceeding under the Criminal Justice Act. | |

| 15. ATTORNEY'S STATEMENT | 16. COURT ORDER |
|---|---|
| As the attorney for the person represented who is managed above, I hereby affirm that the transcript requested is necessary for adequate representation.  I, therefore, request authorization to obtain the transcript services at the expense of the United States pursuant to the Criminal Justice Act. | Financial eligibility of the person represented having been established to the Court's satisfaction the authorization requested in Item 15 is hereby granted. |
| _____          _____<br>Signature of Attorney                          Date | _____<br>Signature of Presiding Judge or By Order of the Court |
| _____<br>Printed Name<br>Telephone Number: _____<br>☐ Panel Attorney     ☐ Retained Attorney     ☑ Pro-Se     ☐ Legal Organization | _____          _____<br>Date of Order                          Nunc Pro Tunc Date |

## CLAIM FOR SERVICES

| 17. COURT REPORTER/TRANSCRIBER STATUS<br><br>☐ Official     ☐ Contract     ☐ Transcriber     ☐ Other | 18. PAYEE'S NAME  AND MAILING ADDRESS |
|---|---|
| 19. SOCIAL SECURITY NUMBER OR EMPLOYER ID NUMBER OF PAYEE | Telephone Number: |

| 20.          TRANSCRIPT | INCLUDE PAGE NUMBERS | NO. OF PAGES | RATE PER PAGE | SUB-TOTAL | LESS AMOUNT APPORTIONED | TOTAL |
|---|---|---|---|---|---|---|
| Original | | | | | | |
| Copy | | | | | | |
| Expense *(Itemize)* | | | | | | |
| | | | | **TOTAL AMOUNT CLAIMED:** | | |

21. CLAIMANT'S CERTIFICATION OF SERVICE PROVIDED
I hereby certify that the above claim is for services rendered and is correct, and that I have not sought or received payment *(compensation or anything of value)* from any other source for these services;

Signature of Claimant/Payee _____          Date _____

## ATTORNEY CERTIFICATION

22. CERTIFICATION OF ATTORNEY OR CLERK  I hereby certify that the services were rendered and that the transcript was received.

_____          _____
Signature of Attorney or Clerk                          Date

## APPROVED FOR PAYMENT — COURT USE ONLY

| 23. APPROVED FOR PAYMENT<br><br>_____          _____<br>Signature of Judge or Clerk of Court                          Date | 24. AMOUNT APPROVED |
|---|---|

**Dear Honorable** Judge Paul G. Hyman, Jr

UNITED STATES BANKRUPTCY COURT

United States Courthouse

299 E. Broward Blvd.

**Courtroom: 301 / Chambers: Room 303**

Fort Lauderdale, FL 33301

I am objecting to Mr. Johnson's request to quit in the middle of litigation until I have a replacement law firm. (30 days?)

Background

The following is a Ralph Sanders issue only does not help pay have been Mr. Johnson's client in the past. Mr. Johnson becomes accustomed to my depression. 11 meds for a number of years can be traced to another legal Federal case 16-cv-63040 (see item ...) I was the plaintiff, and my employer was the defendant. In the case, in order to win, Temenos, Morgan Lewis and Bookies (MLB), and indirectly Bank New York Mellon as Temenos Swiss exchange and SEC represented committed five counts on Fraud upon the court in their motions for summary judgment, in addition, accused me of committing Fraud in the Fort Lauderdale Bankruptcy court. Per my Bankruptcy attorney, Mr. Michael Johnson, and Mr. Robert Bigge emails. They stated the Temenos/MLB statement is false. The five counts fraud upon the Federal court is documented through video disposition and emails to MLB about the inaccuracies in their motions. Being accused of Fraud has some nasty side effects even getting a job. One of the recurring responses was that I was in bankruptcy, and the law firm was not certain how the payout would occur. The recurring response occurred even recently with Law Firm of Merlin Law Group in Mary

2020. "Great case and your homeowner insurance company committed two breaches of contract which I have five years" That does not help me now.


Regarding my denial of Mr. Johnson request to quit the case and dispute his negative view that the case is winding down

1. Bank New York Mellon/SLS is dual tracking the mortgage mediation and foreclosure. I had sent the letter from SLS/BNYM to Mr. Johnson since Mr. Johnson was not copied on the letter. My question to Mr. Johnson was about the amount SLS states that I am in arrears, $25,000 as a ground for foreclosure. That figure is considerably different than the figure present to the Bankruptcy court. Letter in the next email

2. My homeowner's insurance policy due to possible condemnation. There would be monies for personal property that can pay what is owed. In the past, friends come and go, my/our home becomes more of a storage spot, and I use to go garage sales (when I had a car). Per other lawyers, if BNYM/SLS attempts to pull the case, a good lawyer can contest based on the insurance claim and other factors. Mr. Johnson's response was one. Ask the client (me) how Mr. Johnson does something in bankruptcy court. 2. Turn the responses in Avvo into negatives response. I called Attny Timothy S. Kingcade office is a Yes to both of my questions., can BNYM request to pull the asset out from chapter 13 protection, and yes, can the debtor contest BNYM, Mr. Johnson could have asked his peers and/or called Attny Kingcade office. https://www.miamibankruptcy.com/

3. There have been meetings where I have informed that I did not need to attend. There was the recent scheduled meeting with Trustee Robin Weiner. She would have gotten an earful from me about how being in bankruptcy is working against me (venting)

4. Another item, which Mr. Johnson did not grasp the concept of, as I am almost part of the Hernandez et al vs. Wells Fargo nationwide class action of breach of contract_wrongful foreclosure.

   a. My mortgage was with Wells Fargo

   b. When we fell behind in payments due to wife cancer, pay cuts, and other issues. WF notified us they (WF) were going to file a foreclosure

   c. WF before filing the foreclosure signed the mortgage to BNYM, but WF still operated as BNYM agent

   d. WF approved us for HAMP using their faulty software

   e. Three payment made

   f. WF denied us for permanent mortgage modification with no reason or 2nd guess reasons that were not valid (Attny Treeps)

   g. 2019. Get a sorry for software mess letter from WF

   h. I had to go pro se to file an appeal on my foreclosure. Johnson was aware

5. When Merlin Law group stated that I had a great case, but because of bankruptcy and foreclosure, they turned down. After ½-hour of venting, I called SLS and explained what had happened and why. I.e., our mutual assets have issues, and I need legal help. SLS referred me to their National Bankruptcy Service. I explained what had happened (denial by law firm due to bankruptcy), and it was not the first time.  They advise me to send a packet to the SLS Customer Escalation department. I send the packet by USPS and email.

   BNYM/SLS response was to send a letter dated June 1, 2020, that we are foreclosing on you. The MMM was scheduled for June 4, 2020. HELP

   There are other issues/' missteps' on MR. Johnson part, but...

I have no issue with Mr. Johnson quitting my case. Back in April 2020, I had talked and emailed the Loan Lawyers Group about replacing Mr. Johnson due to my case(s) were more of a challenge. Attny Laura Hoy called me and advised me to stay with Mr. Johnson due to Trustees do not like it when clients change lawyers.  https://www.fight13.com/attorneys/laura-hoy/

1.  My Bankruptcy Case is about Ralph Sanders staying in his home

2.  The class action of a 5th Amendment violation involving Inverse Condemnation that I am starting involves 13-16 out 19 homeowners. Law Firm I had talked with and emailed is Merlin Law Group.  https://www.merlinlawgroup.com/loss/inverse-condemnation/   Great case but   See separate writeup sent to the Miami Herald newspaper for investigation

3.  Class action regarding how many other people have been foreclosed on by the clean hands' banks due to their agent, Wells Fargo action. How to find the case, County records would reflect which mortgages have the "Wells Fargo assign ..." and within a year, the clean hands' bank files foreclosure with the amount owed is greater than one year of mortgage payments. Then comes the leg work to determine if WF had offered Hamp and later denied the HAMP

I can't help with items 2 & 3 if I don't have anyone watching my back, i.e., for the Bankruptcy/Foreclosure cases.

I am asking the following from the court

1.  I am requesting the court to deny Attorney Michael Johnson's request to resign from my case due to the actions and letter from Bank New York Mellon being on a dual-track dated June 2020.

Ralph L. Sanders         **19-24331-PGH**          Delay Mr Johnson

2. I am requesting Mr. Johnson to eliminate the wording in his request, where he states the case is winding down. That sounds negative to any potential law firm to represent me

3. I am requesting that Mr. Johnson assist in the finding of a replacement law firm.

4. I am looking for any help/guidance the court may have to offer about how do I counter the statement  (I am in bankruptcy) the law firms use that deny my non-bankruptcy legal cases (homeowner Insurance, consumer protection act, etc....) Maybe I get the other law firms back

https://www.avvo.com/legal-answers/authorized/bankruptcy-chapter-13--can-creditor-pull-asset-out-4895893.html?answer_id=9992973#answer_9992973

Respectfully

Ralph. L. Sanders

561 SW 60th Ave

Plantation, Fl. 33317

954.247.1557 Home

754.801.7097 Cell Phone

2nd home Broward County Law Library with FREE West Law/Lexis

## Inverse Condemnation By the City of Plantation

I have an issue, Inverse Condemnation,  due to the actions by the City of Plantation

Utilities Depart and indirectly by the Old Plantation Water Control District (OPWCD)

https://www.opwcd.org/ .

I live by a 20 foot waterway where the private property line includes to the middle of the

canal. (10 feet)  See the attached from Broward county records and OPWCD letter.

Every house along the OPWCD waterways property line extends to the middle of the

waterway and is considered private property.The 20 feet of waterway has a drainage

easement.  In 2001, a area of the City of Plantation, named Plantation Isles, asked the

City of Plantation to clean the muck from the waterway. The City said, no, due to the

land in the private canal property of the homeowner. https://www.sun-

sentinel.com/news/fl-xpm-2001-04-26-0104260166-story.html there are other articles leading

up to the meeting.

 My property along the waterway, actual land, not the water, is shrinking. The waterline

is getting closer to the house. When I first moved into my home in 2004, it was not an

issue.  After the hurricane, Wilma, when I had lots of City building and zoning inspectors

around the house checking on the repairs to my house, no issues brought up about the

distance my home to the waterway. The repairs were done from 2006 to 2007.

Recently I have noticed it is gotten worse this past year. The building code that was an

effect when my house was built stated fat my house should be 25 feet away from the

water. I checked with the City of Plantation stated that variances were issued to bring

the property distance variance to 15 to 20 feet away from the water. I am 10 feet away

from the waterway. That area shows the house that is close to water is the master bedroom and bathroom depending on how you measure the whole master bedroom bathroom would have to be eliminated or maybe about two feet left.

Please, this is not a one-off issue. I saw about 10 other homes that were too close to the waterway on my short waterway that connects with other waterways.

I was going crazy trying to figure out how this could occur. I got in contact with the OPWCD about what I am on tidal waterway or non-tidal. According to the email from the OPWCD, I am not on tidal waterway. There should be no movement of the water per the OPWCD email. the canals, lakes and DUCK PONDS are designed for gravity flow of the water to the State road 84 pumping system. OPWCD does not maintain the depth of the canals; they just maintained the waterways for water hyacinth, mosquito spraying but no dredging a muck. I thought maybe the muck had gotten so high (I measure 1-3 ft., higher when getting closer to Duck Pond) that the water level was up higher but OPWCD just knows the water level always at one exact level during the dry season and another level during the wet season, even without any meters in the water in this area.. I started to look at how many other homes in this area, not within the 25ft 20 feet or 15 feet away from the water. I found at least 10 houses within my 2-block radius. I emailed the mayor's office to bring up the topic of issues with homes in my area. I just stated that the topic was there are maybe 20+ homes that need to be rebuilt and asked her assailant for an appointment.  See attached email to Mayor Office Denied.


Side note I violated the Plantation Building code (1960 & current) with the house being too close to the water.

I had posted in Adjuster central looking for a law firm with adjusters to take on

Universal Property and Casualty.

https://www.facebook.com/groups/184500188231180/permalink/3563796616968170/?comm

ent_id=3563952520285913



Rod Buvens There are plenty of lawyer billboards all around you up there.

KP, GED, HL LAW, MERLIN.....

Just pick one.

I work for most of them. 😊

Like · Reply · 2d

↳ View 5 more replies

 Ralph L Sanders ✋ I filled out the Merlin call me app.

I looked at your website. Saw the section on "Inverse Contamination". Light bulb went

off (very dim)

There is a city of Plantation park, named "The Duck Pond" at the end of my two-block

long waterway. My waterway does connect with other canals, lakes, etc.... The Duck

Pond has a number of City of Plantation drainage pipes leading into the pond.

This neighborhood is special. We seem to have the only park in the City with homes on

the waterway with a Lift Station for the City of Plantation utilities to suck up the water in

the duck pond thereby creating a manmade tidal action that based on the end results,

the property and homes are not designed for.

Previously I was just looking at the houses to see who was closest to the water once I

realize it was the lift station was creating the damage. , I'm not the quickest that the lift

station was creating a manmade tide or, in this case, City made tidal action which is causing damage to not only my home but the other homes in my area . I went canoeing on the waterway and took photos of all the homes back or side yards on the waterway. The tidal action a very long crevice in the banks of many of the homes, some cases collapsed the sea walls or has eaten away the earth so much there are trees down in a Waterway not small trees but trees that have been there for some time. There are even stumps in the waterway of trees that had to chainsaw down due to the unnatural tide. About six large trees are in a position to collapse on the neighbors across the waterway. Two of the trees are at a 45-degree angle due to the City of Plantation utility engineering flaw.

Is the City of Plantation aware of the banks being eaten away? Yes. The reason I say yes is due to the following reasons.

1. The prior owner of 455 SW 60th ave, Plantation was cited by the City of Plantation for putting clay tiles in his waterway due to dry land was disappearing.  They sold their home about a year later. I do not know why. They sold. His home is the last house before the duck pond and has some of the worse lose. Of land

   https://bcpa.net/RecInfo.asp?URL_Folio=504111070100

2. The park is maintained on a regular bases, the trees in the park are now in violation of the City of plantation code of how close to plant  (Google map vs. the photos I took Saturday (May 9, 2020)

3. There are trees, benches missing from prior google map photos. I presume the city park would have information as to why the benches are no longer at the duck pond.

4. Plus I think I got on the do not communicate list with the City (gut feeling)

Attached are the following items

 1 Email from old Plantation Water Management District about how the water should flow

 2 Communication emails from the South Florida Water Management District about the old plantation water weigh any amount of water at the old plantation Waterway is pumping into North New River drainage one year they pumped to billion gallons of water and the North New River. See attached spreadsheet and emails from the South Florida Water Management District showing the pumping from OPWCD

 3. Email OPWCD all the canals and waterways design to gradually naturally geographically flow into the North New River.

 4 Email from Broward County Government showing the canals and a property, above and below water, are privately owned as part of the house map from Broward County Government, showing the layout of this area. 1960.

 5. The lift station photos pumping station that is at the end of this waterway, which has some major drainage pipes to it, and pumping capability going in both directions. The waterways along here were not designed and built to take that. The private lands as you get closer to the duck pond/city of Plantation utilities lift station gets worse. My home when I had purchased it, was on X elevation. In 2014, per FEMA AH elevation. FEMA new proposed elevation surveys home would become AE elevation and my home needs to be rebuilt per GC's and other public adjusters. That is just due to the roof, trusses, electrical, pumping etc... Issues

6. My communication with the mayor's office asking to speak with her regarding some homes that may need to be rebuilt but that was based on just a distance from the water to the house

7 surveys from when the house was first built I have to pick those up from Plantation City Hall along with a couple of other homes surveys.

8 I asked for a copy of the variances that were issued by the City of Plantation about the distance from the water to the home. I got the third degree as to why do I need copy of the variance, why should I have them (I did not bring up Freedom in information) it was she was putting brakes on getting a copy of the variances. My understanding is that the City is very liberal and giving out variances to homeowners, but that is just second-hand information

9. Photos of the various homes that have suffered damages due to the list station unnatural title I have not asked for records on the lift station or anything related. I am asking from the SFWMD the years of how much water was pump out into the NNR by OPWCD from the City of Plantation using lift systems. There are 127 lifts in Plantation per City of Plantation Water Management sewer system Department. Note there are other city parks where there are homes near or on the same interconnected waterway. I have been unable to find another city park that has a lift station as my neighbors, and I have. It seems we are special.

10. Google street view of another nearby City Park that has drainpipes but no Lift stations

https://www.google.com/maps/@26.1133137,-

80.2298958,3a,75y,113.33h,83.32t/data=!3m6!1e1!3m4!1s-

axiXRkqTTpvkS42wjbHFw!2e0!7i16384!8i8192


Link to City of Plantation municipal code for wastewater.

https://library.municode.com/fl/plantation/codes/code_of_ordinances?nodeId=PTIICOO

R_CH26UT


HELP


Ralph L. Sanders

561 SW 60th ave

Plantation, Fl. 33317

954.247.1557 home

954.801.7097 cell (active tomorrow, replacement phone)


Ralph_L_Sanders@yahoo.com

Ralph.L.Sanders@Gmail.com

R.J. Sullivan Corp Plaintiff vs. Hazen and Sawyer, P.C. Defendant    Page 13 of 24

Case 0:22-cv-62434-XXX Document 5 Entered on FLSD Docket 03/13/2024 Page 103 of 131

**Broward County Case Number:** CACE14008682
**State Reporting Number:** 062014CA008682AXXXCE
**Court Type:** Civil
**Case Type:** Contract and Indebtedness
**Incident Date:** N/A
**Filing Date:** 05/07/2014
**Court Location:** Central Courthouse
**Case Status:** Reclosed Case
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 05 Bidwill, Martin J.

## ‒ Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **R.J. Sullivan Corp** | | ★ Lawrence, Joseph W, II Retained Bar ID: 211303 Vezina, Lawrence & Piscitelli, P.A Museum Building, Suite 150 300 S.W 1st Avenue Fort Lauderdale, FL 33301 **Status: Active** |
| Defendant | **Hazen and Sawyer, P.C.** | | ★ Hild, Franklin Jay Retained Bar ID: 169810 Martin \| Hild, P.A. 555 Winderley Pl Ste 415 Maitland, FL 32751-7133 **Status: Active** |

## ‒ Disposition(s)

Total: 1

| Date | Statistical Closure(s) |
|---|---|
| 08/29/2018 | Disposed by Non-Jury Trial |

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|------|----------------|------|---------|
| 08/29/2018 | **Final Judgment** | 🗎 | 26 |
| 10/04/2018 | **Satisfaction of Judgment**<br>Vol./Book 0 , Page 0, 1 pages<br>Instrument Number 115370924 | 🗎 | 1 |
| 12/14/2018 | **Satisfaction of Judgment**<br>Vol./Book 0 , Page 0, 1 pages<br>Instrument Number 115522887 | 🗎 | 1 |

## − Event(s) & Document(s)

Total: 170

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 10/12/2018 | **Notice of Filing** | Party: *Plaintiff* R.J. Sullivan Corp | 🗎 | 153 |
| 09/21/2018 | **Motion for Attorney Fees** | Party: *Plaintiff* R.J. Sullivan Corp | 🗎 | 41 |
| 09/05/2018 | **Evidence Located in Warehouse** | CIVIL BOX 1142 ON 2 | | |
| 09/05/2018 | **Exhibit List** | | 🗎 | 9 |
| 09/05/2018 | **Defenses** | | 🗎 | 4 |
| 08/29/2018 | **Order** | ON POST-TRIAL MOTIONS | 🗎 | 2 |
| 03/14/2018 | **Memorandum in Opposition** | | 🗎 | 9 |
| 03/14/2018 | **Memorandum in Opposition** | | 🗎 | 3 |
| 03/14/2018 | **Memorandum in Opposition** | | 🗎 | 3 |
| 03/14/2018 | **Memorandum in Opposition** | | 🗎 | 2 |
| 02/22/2018 | **Motion to Strike** | Party: *Defendant* Hazen and Sawyer, P.C. | 🗎 | 96 |
| 02/20/2018 | **Notice of Filing** | PROPOSED FINAL JUDGMENT<br>Party: *Defendant* Hazen and Sawyer, P.C. | 🗎 | 164 |
| 02/20/2018 | **Opposition** | PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENSES AND JUDGMENT ON DEFENDANT'S LIABILITY<br>Party: *Defendant* Hazen and Sawyer, P.C. | 🗎 | 26 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 02/20/2018 | Notice of Filing | PLAINTIFF'S PROPOSED FORM OF FINAL JUDGMENT<br>Party: *Plaintiff* R.J. Sullivan Corp | | 29 |
| 02/20/2018 | Memorandum of Law | | | 14 |
| 02/15/2018 | Motion to Strike | PLAINTIFF'S MOTION FOR DISMISSAL OF DEFENSE AND JUDGMENT DEFT LIABILITY<br>Party: *Defendant* Hazen and Sawyer, P.C. | | 16 |
| 02/15/2018 | Motion to Strike | FILING OF GARY BORS TRIAL TESTIMONY<br>Party: *Defendant* Hazen and Sawyer, P.C. | | 2 |
| 02/15/2018 | Motion to Strike | PLAINTIFF'S WRITTEN PORTION OF ITS CLOSING ARGUMENT<br>Party: *Defendant* Hazen and Sawyer, P.C. | | 2 |
| 02/13/2018 | Motion to Dismiss | DEFENSES AND JUDGMENT ON DEFENDANT'S LIABILITY<br>Party: *Plaintiff* R.J. Sullivan Corp | | 11 |
| 02/13/2018 | Motion | MOTION FOR INVOLUNTARY DISMISSAL<br>Party: *Defendant* Hazen and Sawyer, P.C. | | 76 |
| 02/13/2018 | Order | retaining evidence | | 1 |
| 02/06/2018 | Notice of Filing | Trial Testimony of Gary Bors<br>Party: *Plaintiff* R.J. Sullivan Corp | | 259 |
| 02/06/2018 | Notice of Filing | CLOSING ARGUMENT<br>Party: *Plaintiff* R.J. Sullivan Corp | | 64 |
| 02/06/2018 | Clerk's Minutes/Non Jury | | | 5 |
| 01/19/2018 | Notice of Hearing | | | 2 |
| 01/19/2018 | Amended Notice of Hearing | | | 2 |
| 01/17/2018 | Brief | TRIAL BRIEF ON IMPACTED AS-PLANNED SCHEDULE<br>Party: *Defendant* Hazen and Sawyer, P.C. | | 259 |
| 01/17/2018 | Order | REGARDING EVIDENCE HANDLING PROCEDURES | | 1 |
| 01/09/2018 | Brief | | | 3 |
| 01/09/2018 | Brief | | | 4 |
| 01/09/2018 | Brief | | | 7 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 01/09/2018 | **Pre-Trial Memorandum** | | 📄 | 6 |
| 01/09/2018 | **Memorandum in Opposition** | | 📄 | 5 |
| 01/09/2018 | **Memorandum in Opposition** | | 📄 | 5 |
| 01/08/2018 | **Notice** | Of Production at Trial<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 23 |
| 01/08/2018 | **Brief** | | 📄 | 3 |
| 01/08/2018 | **Brief** | | 📄 | 18 |
| 01/08/2018 | **Brief** | | 📄 | 13 |
| 01/08/2018 | **Brief** | | 📄 | 3 |
| 01/08/2018 | **Brief** | | 📄 | 14 |
| 01/08/2018 | **Brief** | | 📄 | 3 |
| 01/08/2018 | **Brief** | | 📄 | 3 |
| 01/08/2018 | **Notice of Filing Deposition** | of William Pulsford dated November 18, 2017<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 211 |
| 01/08/2018 | **Notice of Filing Deposition** | TRANSCRIPTS OF JASON BUCKWALTER<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 97 |
| 01/08/2018 | **Notice of Filing Deposition** | Transcript of Gerald C. Hartman, P.E. and Deposition Exhibits Nos. 72,73,74 and 75<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 201 |
| 01/02/2018 | **Exhibit List** | HAZEN AND SAWYER, P.C.'S TRIAL EXHIBIT LIST WITH NOTED SUPPLEMENTAL OBJECTIONS1 BY PLAINTIFF R.J. SU<br>LIVAN CORP | 📄 | 7 |
| 12/18/2017 | **Defendant's Exhibits** | | 📄 | 16 |
| 12/18/2017 | **Defendant's Exhibits** | | 📄 | 6 |
| 12/18/2017 | **Defendant's Exhibits** | | 📄 | 1 |
| 12/18/2017 | **Defendant's Exhibits** | | 📄 | 1 |
| 12/18/2017 | **Defendant's Exhibits** | | 📄 | 3 |
| 12/18/2017 | **Defendant's Exhibits** | | 📄 | 10 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 12/18/2017 | **Defendant's Exhibits** | Defendant ID Exh. No. 001; | 📄 | 24 |
| 12/18/2017 | **Defendant's Exhibits** | Defendant ID Exh. No. 2(A) | 📄 | 3 |
| 12/18/2017 | **Defendant's Exhibits** | Defendant ID Exh. No. 2(B) | 📄 | 3 |
| 12/18/2017 | **Defendant's Exhibits** | PURCHASE ORDER | 📄 | 2 |
| 12/18/2017 | **Defendant's Exhibits** | PROJECT NO. 07-35 GULFSTREAM MASTER PUMP STATION CONVERSION AMENDMENT NO. 1 | 📄 | 3 |
| 12/18/2017 | **Defendant's Exhibits** | PURCHASE ORDER | 📄 | 2 |
| 12/18/2017 | **Defendant's Exhibits** | AGREEMENT DATED AUGUST 24, 2017 | 📄 | 14 |
| 12/07/2017 | **Motion to Appear Telephonically** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 3 |
| 10/24/2017 | **Order Resetting** | Trial 12-15-17 @ 9:30 am rm 16160 | 📄 | 2 |
| 10/17/2017 | **Order Denying Motion** | FOR DISQUALIFICATION | 📄 | 1 |
| 10/17/2017 | **Order Granting Motion** | FOR CONTINUANCE OF TRIAL | 📄 | 1 |
| 10/13/2017 | **Motion for Disqualification** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 6 |
| 10/02/2017 | **Notice of Hearing** | | 📄 | 2 |
| 10/02/2017 | **Reply** | Frank Hild fbn 16910 Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 3 |
| 09/29/2017 | **Memorandum in Opposition** | | 📄 | 3 |
| 09/27/2017 | **Order Setting** | Non JT 10-20-17 | 📄 | 2 |
| 09/26/2017 | **Notice of Hearing** | | 📄 | 2 |
| 09/26/2017 | **Motion for Continuance** | OF TRIAL Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 17 |
| 09/20/2017 | **Order Denying Motion** | FOR PARTIAL SUMMARY JUDGMENT | 📄 | 1 |
| 09/19/2017 | **Order Setting** | Non JT 09-22-17 | 📄 | 2 |
| 09/18/2017 | **Order** | ON JOINT STIPULATION TO EXTEND DATE FOR FILING/SERVING OBJECTIONS TO PROPOSED TRIAL EXHIBITS | 📄 | 1 |
| 09/06/2017 | **Supplemental Exhibit List** | | 📄 | 13 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 09/06/2017 | **Objection** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 7 |
| 09/06/2017 | **Objection** | TO ENTRY INTO EVIDENCE OF MARKED FOR IDENTIFICATION DEPOSITION EXHIBITS<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 9 |
| 09/06/2017 | **Objection** | TO PLAINTIFF, R. J. SULLIVAN CORP.'S, TRIAL EXHIBIT LIST<br>Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 18 |
| 09/06/2017 | **Joint Stipulation** | TO EXTEND DATE FOR FILING/SERVING OBJECTIONS TO PROPOSED TRIAL EXHIBITS | 📄 | 1 |
| 09/02/2017 | **Order** | ON JOINT STIPULATION TO EXTEND DATE FOR FILING/SERVING OBJECTIONS TO PROPOSED TRIAL EXHIBITS/Stipul tion is approved | 📄 | 1 |
| 08/31/2017 | **Joint Stipulation** | TO EXTEND DATE FOR FILING/SERVING OBJECTIONS TO PROPOSED TRIAL EXHIBITS<br>Party: *Plaintiff* R.J. Sullivan Corp<br>*Defendant* Hazen and Sawyer, P.C. | 📄 | 1 |
| 08/29/2017 | **Supplemental Witness List** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 2 |
| 08/25/2017 | **Notice of Service** | | 📄 | 1 |
| 08/25/2017 | **Order Making Court File Confidential** | | 🔒 | 9 |
| 08/24/2017 | **Joint Pre-Trial Stipulation** | Party: *Plaintiff* R.J. Sullivan Corp<br>*Defendant* Hazen and Sawyer, P.C. | 📄 | 53 |
| 08/21/2017 | **Notice of Taking Deposition** | Alan Miller Flowserve Wednesday, 10:00 a.m. August 30, 2017 | 📄 | 2 |
| 08/21/2017 | **Response to Request for Production** | | 📄 | 2 |
| 08/18/2017 | **Motion in Limine** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 23 |
| 08/18/2017 | **Motion in Limine** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 3 |
| 08/17/2017 | **Memorandum of Law** | Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 15 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 08/17/2017 | Notice of Filing | THE AFFIDAVITS OF WILLIAM PULSFORD, GERALD C. HARTMAN, P.E. AND BRIAN HANSEN, CPA IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 26 |
| 08/14/2017 | Notice of Filing Deposition | | 📄 | 288 |
| 08/14/2017 | Notice of Filing Deposition | EXHIBIT NUMBER 65 IN OPPOSITION | 📄 | 176 |
| 08/14/2017 | Notice of Filing Deposition | NOTICE OF FILING DEPOSITION TRANSCRIPTS OF WILLIAM PULSFORD IN OPPOSITION TO DEFENDANT'S MOTION FOR ARTIAL SUMMARY JUDGMENT<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 211 |
| 08/14/2017 | Notice of Filing Deposition | transcripts of Jason Buckwalter dated November 18, 2015 and July 132017<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 97 |
| 08/14/2017 | Notice of Filing Deposition | transcript of Casey Sullivan dated July 13,2017<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 27 |
| 08/14/2017 | Notice of Appearance | RANDY C. CARDOZA, III, ESQ<br>Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 2 |
| 08/11/2017 | Notice of Taking Deposition | Gary Bors | 📄 | 2 |
| 08/11/2017 | Notice of Taking Deposition | Ted NeSmith, CPA, CVA | 📄 | 2 |
| 08/11/2017 | Notice of Taking Deposition | | 📄 | 2 |
| 08/11/2017 | Notice of Taking Deposition | | 📄 | 2 |
| 08/11/2017 | Notice of Taking Deposition | (Amended) Gary Bors. Tuesday, August 29,2017 @ 1:00 p.m | 📄 | 2 |
| 08/09/2017 | Notice of Hearing | | 📄 | 2 |
| 08/02/2017 | Motion for Partial Summary Judgment | AND MEMORANDUM OF LAW IN SUPPORT THEREOF<br>Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 72 |
| 07/25/2017 | Notice of Filing Answers to Interrogatories | | 📄 | 2 |
| 07/25/2017 | Agreed Order | Regarding Disclosure of Expert Witnesses Dated 6/7/17 and Pltf's Supplemental Expert Witness Disclos re Dated 7/5/17 | 📄 | 1 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 07/21/2017 | **Mediation Report** | | | 1 |
| 07/21/2017 | **Notice of Service** | | | 1 |
| 07/13/2017 | **Disclosure of Expert Witness** | | | 7 |
| 07/05/2017 | **Supplemental Witness List** | EXPERT WITNESS DISCLOSURE Party: *Plaintiff* R.J. Sullivan Corp | | 5 |
| 06/30/2017 | **Notice of Service** | | | 1 |
| 06/22/2017 | **Notice of Service of Interrogs** | | | 1 |
| 06/20/2017 | **Notice of Taking Deposition** | July 11, 2017 at 9 a.m | | 5 |
| 06/19/2017 | **Notice of Appearance** | THE LAW FIRM OF MARTIN HILD P.A. AS CO-COUNSEL Party: *Defendant* Hazen and Sawyer, P.C. | | 3 |
| 06/07/2017 | **Notice of Service** | | | 1 |
| 06/07/2017 | **Disclosure of Expert Witness** | | | 14 |
| 06/01/2017 | **Notice of Service of Interrogs** | | | 1 |
| 05/17/2017 | **Notice of Service** | | | 1 |
| 05/01/2017 | **Notice of Taking Deposition** | (amended) OF JORGE ATOCHE | | 2 |
| 05/01/2017 | **Notice of Taking Deposition** | OF ANA GARCIA | | 2 |
| 05/01/2017 | **Notice of Taking Deposition** | of Jorge Atoche | | 2 |
| 05/01/2017 | **Notice of Taking Deposition** | OF GLENN CUNNINGHAM Party: *Plaintiff* R.J. Sullivan Corp | | 2 |
| 04/19/2017 | **Notice of Mediation** | | | 2 |
| 03/22/2017 | **Notice of Mediation** | | | 2 |
| 03/14/2017 | **Subpoena Duces Tecum W/O Deposition Returned Served** | | | 3 |
| 03/10/2017 | **Order Appointing Court Mediator** | FRANK C. WALKER | | 2 |
| 03/07/2017 | **Calendar Call-Order Setting Trial** | 08-25-2017 | | 4 |
| 02/28/2017 | **Notice of Production From Non-Party** | | | 9 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 02/28/2017 | **Stipulation & Order** | for substitution of counsel for pltf the new counsel shall be joseph lawrence fbn: 211303 | 📄 | 1 |
| 02/28/2017 | **Order for Substitution of Counsel** | | 📄 | 2 |
| 02/28/2017 | **Notice of Non Jury Trial** | *Party: Plaintiff* R.J. Sullivan Corp | 📄 | 1 |
| 10/03/2016 | **Response to Request for Admissions** | | 📄 | 13 |
| 10/03/2016 | **Response to Request for Production** | | 📄 | 10 |
| 09/02/2016 | **Request for Admissions** | | 📄 | 6 |
| 09/02/2016 | **Request for Production** | | 📄 | 6 |
| 07/11/2016 | **Notice of Cancellation** | | 📄 | 2 |
| 06/20/2016 | **Notice of Hearing** | July 14, 2016 @ 8:45 a.m.. Rm 920A | 📄 | 2 |
| 04/29/2016 | **Motion to Compel Production** | *Party: Defendant* Hazen and Sawyer, P.C. | 📄 | 13 |
| 03/25/2016 | **Notice of Cancellation** | deposition of Glenn Cunningham | 📄 | 1 |
| 02/12/2016 | **Notice of Serving Proposal for Settlement** | *Party: Plaintiff* R.J. Sullivan Corp | 📄 | 1 |
| 02/11/2016 | **Notice** | OF LAW FIRM NAME CHANGE, AMENDED DESIGNATION OF EMAIL ADDRESSES, AND NOTICE OF APPEARANCE *Party: Defendant* Hazen and Sawyer, P.C. | 📄 | 3 |
| 02/09/2016 | **Re-Notice of Taking Deposition** | Glenn Cunningham; Jorge Atoche; Ana Garcia | 📄 | 2 |
| 11/30/2015 | **Re-Notice of Taking Deposition** | Jorge Atoche ; Glenn Cunningham ; Ana Garcia | 📄 | 2 |
| 10/29/2015 | **Notice of Taking Deposition** | Jorge Atoche , Ana Garcia , Glenn Cunningham | 📄 | 2 |
| 10/02/2015 | **Re-Notice of Taking Deposition** | DEPO OF GARY BORS | 📄 | 2 |
| 06/03/2015 | **Re-Notice of Taking Deposition** | Gary Bors | 📄 | 2 |
| 05/18/2015 | **Notice of Cancellation** | of depo of Gary Bors 05/20/15 @ 10:00 AM | 📄 | 1 |
| 03/17/2015 | **Re-Notice of Taking Deposition** | Gary Bors | 📄 | 2 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 03/17/2015 | **Notice of Filing Designation of Emailing Addresses** | FRANK J. HILD, Esquire of the Law Firin of GREGORY S. MARTIN & ASSOCIATES, P.A. | 📄 | 2 |
| 03/17/2015 | **Notice of Taking Deposition** | AMENDED/OF WILLIAM PULSFORD | 📄 | 2 |
| 03/17/2015 | **Notice of Taking Deposition** | AMENDED/OF JASON BUCKWALTER | 📄 | 2 |
| 01/27/2015 | **Notice of Taking Deposition** | Gary Bors | 📄 | 2 |
| 09/22/2014 | **Notice of Compliance** | WITH REOUEST FOR PRODUCTION OF DOCUMENTS/ TO THE PLAINTIFF, RJ SULLIVAN CORP<br>Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 2 |
| 09/03/2014 | **Notice of Filing** | Original Verified Return of Service<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 2 |
| 08/27/2014 | **Answer to Interrogs** | NOTICE OF SERVING VERIFIED ANSWERS TO DEFENDANT, HAZEN AND SAWYER'S FIRST SET OF INTERROGATORIES<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 46 |
| 08/26/2014 | **Notice of Compliance** | WITH REQUEST FOR COPIES<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 1 |
| 08/12/2014 | **Notice of Cancellation** | OF DEPOSITION DUCES TECUM OF THE CORPORATE REPRESENTATIVE/MANAGING AGENT FOR PLAINTIFF | 📄 | 2 |
| 08/05/2014 | **Response to Request for Production** | Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 3 |
| 08/05/2014 | **Request for Copies (Pursuant to Rule 1.351)** | TO PLAINTIFF<br>Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 2 |
| 07/02/2014 | **Motion for Enlargement of Time** | TO RESPOND TO DISCOVERY<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 2 |
| 06/27/2014 | **Notice of Taking Deposition Duces Tecum** | CORPORATE REPRESENTATIVE/MANAGING AGENT FOR PLAINTIFF RJ SULLIVAN CORP | 📄 | 2 |
| 06/27/2014 | **Request for Production** | FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO HAZEN AND SAWYER, P.C<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 5 |
| 06/27/2014 | **Notice of Production From Non-Party** | Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 6 |
| 06/02/2014 | **Notice of Filing Designation of Emailing Addresses** | | 📄 | 2 |

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 05/27/2014 | **Answer & Affirmative Defenses** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 5 |
| 05/20/2014 | **Notice of Filing/Affidavit of Service Returned Served** | Sums Returned Srvd 05-08-14 Hazen and Sawyer P.C./attached<br>Party: *Plaintiff* R.J. Sullivan Corp | 📄 | 3 |
| 05/07/2014 | **Civil Cover Sheet** | | 📄 | 2 |
| 05/07/2014 | **Complaint (eFiled)** | | 📄 | 4 |
| 05/07/2014 | **eSummons Issuance** | Party: *Defendant* Hazen and Sawyer, P.C. | 📄 | 1 |
| 05/07/2014 | **Filing Fee** | Payor: MICHAEL E. STEARNS, ESQ. ;<br>Userid: CTS-fg/t ; Receipt:<br>20141FA1A060120;<br>;<br>Amount: $401.00 | | |
| 05/07/2014 | **Summons Issued Fee** | Payor: MICHAEL E. STEARNS, ESQ. ;<br>Userid: CTS-fg/t ; Receipt:<br>20141FA1A060120;<br>;<br>Amount: $10.00 | | |

---

➖ Hearing(s)                                                                                           Total: 0

**There is no Disposition information available for this case.**

---

➖ Related Case(s)                                                                                      Total: 0

**There is no related case information available for this case.**





WFHM
8480 Stagecoach Circle
Frederick, MD 21701-4747

wellsfargo.com

| | |
|---|---|
| Fax: | (866) 278-1179 |
| Telephone: | (800) 416-1472 |
| Correspondence: | PO Box 10335 |
| | Des Moines, IA 50306 |
| Hours of Operation: | Mon-Fri, 6 AM - 10 PM |
| | Sat, 8 AM - 2 PM CT |

February 17, 2012

Loan Number:     0143369122
Property Address:  561 Sw 60 Ave
                   Plantation FL 33317

Ralph L Sanders
561   SW 60 Ave
Plantation FL 33317

Subject: Home Affordable Modification Program

Dear Ralph L Sanders :

We're writing to provide you with the results of our efforts to find a
solution that might help with the mortgage payment challenges you're
facing.

Decision on the Federal Government's Home Affordable Modification Program
Unfortunately, after carefully reviewing the information you've provided,
we are unable to adjust the terms of your mortgage.  There are additional liens
on your property that prevent us from completing your request  for mortgage
assistance.

If you'd like to discuss why your loan was not approved under the Home
Affordable Modification Program, or find out about other options that
may be available to you, it's critical that you contact us within 30
days of this letter.

During this 30 day period a foreclosure sale on your home will not be
scheduled if permitted by state law.  Please understand that you may
continue to receive letters and phone calls related to foreclosure
during this time.

Additional assistance is available
If monthly expenses other than your mortgage payment are creating part
of your financial strain, we encourage you to contact a HUD-approved,
non-profit, community based Credit Counseling agency who can work with
you, at no charge, to lower your other monthly payments. You can find a

Together we'll go far



local agency by calling (800) 569-4287 or call the HOPE Hotline Number at (888) 995-HOPE. A counselor will work closely with you, take your financial circumstances into consideration, create a budget plan that may work for you and provide assistance in understanding the Borrower Notice by asking for Making Home Affordable HELP.

Be sure to avoid anyone who asks for a fee for counseling or a loan modification, or asks you to sign over the deed to your home, or to make your mortgage payments to anyone other than Wells Fargo Home Mortgage.

If you have any questions about the decision we've made on your mortgage request, please call a Wells Fargo Home Mortgage representative at the number listed in the account information section. We'd also like to hear from you if any of your circumstances have changed, or if you can provide us with additional information for consideration.

Sincerely,
Wells Fargo Home Mortgage
Fax: 1-866-590-8910

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, If you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property.

With respect to those loans in the state of California, the state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that

Page 2 of 2

administers compliance with this law concerning this creditor is Office of
the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney
Street, Suite 3450, Houston, TX 77010-9050.

If you reside in the state of New York and if you believe the loss
mitigation request has been wrongly denied, you may file a complaint
with the New York State Banking Department at 1-877-BANK-NYS or
www.banking.state.ny.us.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, NA ©2009
Wells Fargo Bank, N. A. All rights reserved.

**From:** Angela M. Riley [mailto:ariley@albertellilaw.com]
**Sent:** Wednesday, November 30, 2011 1:10 PM
**To:** 'jerome@teppslawfirm.com'
**Subject:** 11-87990 Wells Fargo v. Ralph Sanders/Case no:CACE11016092

Good afternoon:

Please see the attached HAMP trial documents for your review.

Thanks.

_____

**Angela M. Riley**
    **(AMR)**

**Litigation Paralegal**

ALBERTELLI

| | |
|---|---|
| | **P.O. Box 23028** |
| | **Tampa, FL 33623** |
| | **Tel: (813) 221-4743, ext 1377** |
| | **Fax: (813) 221-9171** |
| | **Email: ariley@albertellilaw.com** |

⬇ Download all attachments as a zip file

Sanders 708....pdf          ATT00004.txt

## HELPING YOU STAY IN YOUR HOME.



MAKING HOME AFFORDABLE

*You may be able to make your payments more affordable.*
### Act now to get the help you need!

**WELLS FARGO**

**October 21, 2011**

RALPH SANDERS
561  SW 60 AVE
PLANTATION, FL  33317

Loan #:            0143369122
Property Address: 561 SW 60 AVE
                  PLANTATION, FL  33317

Dear RALPH SANDERS,

Congratulations!  By entering into a Home Affordable Modification Trial Period Plan you have taken the first step toward making your payment more affordable.

After a review of your financial information and current level of debt, you are required to work with a HUD-approved housing counseling agency as a condition of being offered a Trial Period Plan. The service provided by the housing counseling agency is **FREE**.  Your counselor will work with you to create a household budget and develop an action plan to reduce your household debts.  You can also count on your housing counselor to provide you with support during the loan modification process.

Your next step is to choose from the following housing counseling options:

A.   Select a HUD approved housing counseling agency by going to this website address: http://www.hud.gov/offices/hsg/sfh/hcc/fc/.   The available agencies are listed by state and can provide you with either in-person counseling or counseling by phone.

B.   Or, select counseling by phone through the HOPE Hotline by calling 1-888-995-HOPE.  This is an on-demand counseling service that is available 24-hours a day/7-days a week.  The HOPE Hotline is available in Spanish or English (other languages are available on request).

Whichever option you select, the housing counseling services will be made available at NO COST TO YOU. Remember, it is **your responsibility** to contact one of these counseling agencies.  It is also a requirement of your Trial Period Plan.

If you have questions about this requirement, please contact us at 877-893-3606 Ext. 01360.

Sincerely,

Eddie Lebario
877-893-3606 Ext. 01360
Wells Fargo Home Mortgage

The *Making Home Affordable* program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we - your mortgage servicer - and the Federal Government are working to offer you options to help you stay in your home.

**Motion for Notification of additional assets, Small Bussiness Administration (Creditor) is assigning someone to my Bankruptcy case and part of the objection to Mr. Stewart's motion.**

**Dear Honorable Judge Peter D. Russin**

**UNITED STATES BANKRUPTCY COURT**

**United States Courthouse 299 E. Broward Blvd.**

**Courtroom: 301 / Chambers: Room 303**

**Fort Lauderdale, FL 33301**

Bankruptcy Case 19-bk-24331-PDR                          Date: April 27, 2021

Your Honor

The following is to serve two purposes.

1. Inform trustee with a full writeup later today of the assets once SBA gets back to me

2. SMALL BUSINESS ADMINISTRATION: May have Title Insurance policy and lawyers who seem to enjoy collecting Title Insurance. SBA Loan Number: 1877566003.

Main

1. I have six additional NEW assets due to the recent discovery of the issues this month (April) month. I received a full copy of my buyer title insurance yesterday (April 26, 2021). On Thursday, April 22, 2021, I picked the copies of permits that I was missing from The City of Plantation microfilm department. This is to be part of my Objection to Mr. Strewart motion to move the asset out of Bankruptcy protection

   a. Two Title Insurance policies

      i. Buyers Title Insurance policy: value $292,000 See attached

      ii. Lenders (BNYM/WF) Title Insurance policy: Value $313,00 that I paid $2,080

   b. Title Defects. Physical, non-curable except with a bulldozer

      i. Setback/Lot line violation. Documentation 1959 Land Platt. 1962 survey after the home was completed with a 15 ft wide canal with a 20-foot easement. House was not kosher. Records from the City of Plantation microfilm department showing in 1974, the drainage ditch was still 15 feet wide. In a 2004 survey, when I bought the house, it reflected that I was 14 feet away

from the Eastmanwhen I should have been 20 feet away; there are no variances for myself. There are additional details (statutes, case law, and emails) that I'll file the rest of it by this afternoon.

    ii.  There are two additions done to the house without permit one of them is the front of the house the flat roof section they were permits in 1974 for the back pool area shelter, external bathroom only access from the outside other house  and additional electrical work that's it  the rest of the permits until 2004/2005 was roofing

    iii.  The sixth asset may be the drainage ditch issue. I need to find more case law to uphold my opinion. The land beneath the water is the property owner such that I have ten feet and neighbor on other side has ten feet, BUT the Old Plantation Water Control District has superior rights, the homeowners are just the collateral damage

2. One thing I am curious about is BNYM does have a title attorney assign to my bankruptcy case. I wonder why he didn't correct me

when I was thinking  & emailing all parties that it was a

homeowners insurance claim. How I got that opinion was a GC

was giving me quotes on repairs my house, and one of the GC's

notice the lot line/setback issue and informed me to file an

insurance claim on the issue along with three other issues he had

found with the house

My property violates' city code is based on 1964, 2004, 2005, 2021

City of Plantation. The construction of the homes is required to follow

the platted map, which includes plans for a 20-foot wide easement.

Instead, the builder went with the existing drainage waterway that

was 15 feet wide

Per the 2004/2005 zoning code, the property is in violation.

In the following case law, the defects would have to be bulldozed

Owner bedroom/bathroom removed; secondly, the elevation of the

house (old section) is below the base elevation


The above title is in addition to the homeowner insurance issues.

**Attorneys**

Timmy Kingcade is willing to take on the case, but he does not

handle Chapter 13 cases in Broward

Charles Barron: He had helped me with the Finnish social benefits

when Social Security said to go to Fiins pension program directly. He

is looking at being a lawyer herder for a fee.


447 So. 2d 427 (Fla. Dist. Ct. App. 1984)   Cited 12 times

In CMEI, Inc. v. American Title Ins. Co. (Fla. Dist. Ct. App. 1984) 447 So.2d

427, an insured mortgagee who had acquired title to the secured property

by foreclosure made a title insurance claim regarding an

undisclosed defect in title. " title defects in claims may exist which reduce

the market value of the security property (the value to the owner) yet result

in no loss or damage to the insured mortgagee because the effect of the

title problems does not reduce the value of security property below the

amount of indebtedness secured or because the indebtedness is otherwise

secured or paid."

## 1964 City of Plantation Building code

a. (b)    Where the rear of a lot in a single-family residential district abuts a public or private canal, lake, or waterway right-of-way of less than seventy (70) feet in width, the depth of the required rear yard setback may be reduced in accordance with the following schedule:

| Average lot depth | Minimum rear yard setbacks |
|---|---|
| 100′ | 10% of net depth of lot |
| 100′ to 105′ | 11% of net depth of lot |
| 105′ to 110′ | 12% of net depth of lot |
| 110′ to 115′ | 13% of net depth of lot |
| 115′ to 120′ | 15% of net depth of lot |
| 120′ or over | 20 feet |

**RPTE FL-CLE 4-1** *(Approx. 292 pages)*

. **"The invalidity or unenforceability of any assignment of the insured mortgage, "**

" Generally, title insurance operates to protect a purchaser or mortgagee against defects in or encumbrances on title which are in existence at the time the insured takes title. *National Mortgage Corporation v. American Title Insurance Company,*                    ,                           (1980). Title insurance is unique in that it is retrospective, not prospective. *Van Arsdale v. Metropolitan Title Guaranty Co.,*

     (Dist. Ct. 1980).

The risks of title insurance end where the risks of other kinds begin. Title insurance, instead of protecting the insured against matters that may arise during a stated period after the issuance of the policy, is designed to save him harmless from any loss through **defects,** liens, or encumbrances that may affect or burden his title when he takes it."

Gmail

Ralph Sanders <ralph.l.sanders@gmail.com>

## Title policy and survey
4 messages

**Debby Watarz** <debby@allcountytitleservices.com>
To: ralph.l.sanders@gmail.com

Mon, Apr 26, 2021 at 9:52 AM

Ralph,

Please see attached.

Please confirm receipt by reply email.

Debby

**Deborah Watarz**

**All County Title Services, Inc.**

**Schilian & Watarz, P.A.**


**(561) 994-8844**

**Fax: (561) 994-8864**


**AVG** This email has been checked for viruses by AVG antivirus software.

📄 **20210426094722848.pdf**
274K

**Ralph Sanders** <ralph.l.sanders@gmail.com>
To: Debby Watarz <debby@allcountytitleservices.com>

Mon, Apr 26, 2021 at 10:09 AM

Thank you, Debby

*1/5*



BOUNDARY SURVEY
LEGAL DESCRIPTION & CERTIFICATIONS
Lot 22, Block 4, PLANTATION PARK 10TH ADDITION, according to the plat thereof, as recorded in Plat Book 55, Page 21, of the Public Records of BROWARD County, Florida.
Community Number: 120054 Panel: 0214
Suffix: F F.I.R.M. Date: 8/18/1992 Flood Zone: AH
Field Work: 05/04/2004
Certified To:
RALPH SANDERS; ALL COUNTY TITLE SERVICES, INC.; LAWYERS' TITLE INSURANCE CORP.; CHASE MANHATTAN MORTGAGE CORPORATION, its successors and/or assigns, as their interest may appear.
Property Address:
651 SW 60TH AVENUE
PLANTATION, Florida 33317
Survey Number: W-74327
GENERAL NOTES:
PARCEL "A"
PARCEL "B"
LOT 21
LOT 20
LOT 22
LOT 23
LOT 7
LOT 6
LOT 5
SOUTHWEST 60TH AVENUE
R/W VARIES
EDGE OF PAVEMENT
PER PLAT
1"=30'
S87°20'38"E
126.23' P
S87°20'38"E
108.02' M
1/2" I.R.
offset 18.21'
(fnd)
1/2" I.R.
offset 15.23'
(fnd)
WEST
73.23' P.
WEST
60.0' M.
157.34' P. & M.
S40°29'27"W
20' CANAL MAINTENANCE EASEMENT
7.5' D.E./U.E.
ASPHALT DRIVE
SINGLE FAMILY RESIDENCE
CURVE TABLE PLAT & MEASURED
CURVE
DELTA
RADIUS
LENGTH
CHORD
CHD. BEARING
C-1
C-2
LEGEND
TARGET SURVEYING, INC.
2500 METROCENTRE BOULEVARD, SUITE 8
WEST PALM BEACH, FLORIDA 33407
PHONE: (561) 640-4800 FAX: (561) 640-0578

# OWNER'S POLICY OF TITLE INSURANCE

### Issued by Lawyers Title Insurance Corporation

 LandAmerica
Lawyers Title

*Lawyers Title Insurance Corporation is a member of the LandAmerica family of title insurance underwriters.*

**POLICY NUMBER**
A81-0134096

SUBJECT TO THE EXCLUSIONS FROM COVERAGE, THE EXCEPTIONS FROM COVERAGE CONTAINED IN SCHEDULE B AND THE CONDITIONS AND STIPULATIONS, LAWYERS TITLE INSURANCE CORPORATION, a Virginia corporation, herein called the Company, insures, as of Date of Policy shown in Schedule A, against loss or damage, not exceeding the Amount of Insurance stated in Schedule A, sustained or incurred by the insured by reason of:

1. Title to the estate or interest described in Schedule A being vested other than as stated therein;
2. Any defect in or lien or encumbrance on the title;
3. Unmarketability of the title;
4. Lack of a right of access to and from the land.

The Company also will pay the costs, attorneys' fees and expenses incurred in defense of the title, as insured, but only to the extent provided in the Conditions and Stipulations.

IN WITNESS WHEREOF, LAWYERS TITLE INSURANCE CORPORATION has caused its corporate name and seal to be hereunto affixed by its duly authorized officers, the Policy to become valid when countersigned by an authorized officer or agent of the Company.

LAWYERS TITLE INSURANCE CORPORATION

Attest:



Secretary

SEAL 1925

By:

President

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance or governmental regulation (including but not limited to building and zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating to (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
   (b) Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or a notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2. Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3. Defects, liens, encumbrances, adverse claims or other matters:
   (a) created, suffered, assumed or agreed to by the insured claimant;
   (b) not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
   (c) resulting in no loss or damage to the insured claimant;
   (d) attaching or created subsequent to Date of Policy; or
   (e) resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the estate or interest insured by this policy.
4. Any claim, which arises out of the transaction vesting in the insured the estate or interest insured by this policy, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws that is based on:
   (a) the transaction creating the estate or interest insured by this policy being deemed a fraudulent conveyance or fraudulent transfer; or
   (b) the transaction creating the estate or interest insured by this policy being deemed a preferential transfer except where the preferential transfer results from the failure:
       (i) to timely record the instrument of transfer; or
       (ii) of such recordation to impart notice to a purchaser for value or a judgment or lien creditor.

3/5

# Lawyers Title Insurance Corporation
## *OWNER'S POLICY*
## Schedule A

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

Effective Date: May 12, 2004, or the date and time of recording of the insured deed, whichever is later.

Amount of Insurance: $292,000.00

1. Name of Insured: Ralph Sanders

2. The estate or interest in the land described herein and which is covered by this policy is a fee simple (if other, specify same) and is at the effective date hereof vested in the named insured as shown by the instrument to be recorded.

3. The land referred to in this policy is described as follows:

   Lot 22, Block 4, of PLANTATION PARK 10TH ADDITION, according to the Plat thereof, recorded in Plat Book 55, Page 21, of the Public Records of Broward County, Florida; said lands situate, lying and being in Broward County, Florida.

4. The land described herein is encumbered by the following mortgage and assignments, if any.

   Mortgage in the sum of $232,000.00 from Ralph Sanders to Chase Manhattan Mortgage Corporation dated May 12, 2004, to be recorded in the Public Records of Broward County, Florida.

Agent No.: 12-40279

Issuing Agent:

**All County Title Services, Inc.**
**2499 Glades Road, Suite 112**
**Boca Raton, FL 33431**

Agent's Signature

Form OPM-SCH. A
(rev. 1/98)

DoubleTime®



## Lawyers Title Insurance Corporation
### *OWNER'S POLICY*
### Schedule B

Policy No.:
a81-134096

Agent's File Reference:
04-204Sanders

This policy does not insure against loss or damage by reason of the following exceptions:

1. Taxes for the year of the effective date of this policy and taxes or special assessments which are not shown as existing liens by the public records.

2. Rights or claims of parties in possession not shown by the public records.

3. Encroachments, overlaps, boundary line disputes, and any other matters which would be disclosed by an accurate survey and inspection of the premises.

4. Easements or claims of easements not shown by the public records.

5. Any lien, or right to a lien, for services, labor, or material heretofore or hereafter furnished, imposed by law and not shown by the public records.

6. Any adverse ownership claim by the State of Florida by right of sovereignty to any portion of the lands insured hereunder, including submerged, filled and artificially exposed lands, and lands accreted to such lands.

7. The lien of all taxes for the year 2004 and thereafter, which are not yet due and payable.

8. Matters as contained on the Plat of PLANTATION PARK 10TH ADDITION recorded in Plat Book 55, page 21, of the public records of Broward County, Florida.

9. Covenants, restrictions, conditions, reservations, easements, liens for assessments and other provisions set forth in instrument recorded in Official Records Book 2389, at Page 203, re-recorded in O.R. Book 2420, Page 816 and in allied instruments referred to in said restrictions, if any.

ITEMS 1-6 are hereby deleted.

*All Book and Page references are to the Public Records of Broward County, Florida.*

Form OPM-SCH. B
(rev. 5/94)

DoubleTime®